[Civ. No. 15155.  First Dist., Div. One.  Aug. 25, 1952.]

FRANCES DORSA, Appellant, v. BRUCE MacNEIL et al., Respondents.

Keesling & Keesling and Henry C. Clausen for Appellant.

Campbell, Hayes & Custer and W. R. Dunn for Respondents.

WOOD (Fred B.), J.—Plaintiff has appealed from an order granting a new trial, in an action for personal injuries sustained by plaintiff while riding as a passenger in an automobile, caused by a head-on collision with an automobile driven by the defendant, in the middle lane of a three-lane highway.

The new trial was granted on the ground of insufficiency of the evidence to justify the verdict. ██ ██ "An order granting a new trial upon the ground of the insufficiency of the evidence to sustain the judgment will not be disturbed upon appeal, unless there be a clear showing of abuse of discretion. 'All presumptions are in favor of the order and it will be affirmed if it is sustainable on any ground. [Citations.] The trial court in considering a motion for new trial is not bound by a conflict in the evidence, and has not abused its discretion when there is any evidence which would support a judgment in favor of the moving party.' [Citation.] Even if the evidence is uncontradicted, the trial judge may draw inferences from it contrary to those made by the jury, and it is his duty to resolve such conflicts in determining whether the issues should be retried. Only when, as a matter of law, there is no substantial evidence to support a contrary judgment, may an appellate court reverse an order granting a new trial. [Citations.]" (*Williams* v. *Field Transportation Co.*, 28 Cal. 2d 696, 698 [171 P.2d 722].)

Plaintiff claims that it appears as a matter of law that (1) defendant was negligent, (2) such negligence proximately caused plaintiff's injuries, and (3) plaintiff was not guilty of contributory negligence.

██ (1) As to negligence of the defendant, plaintiff claims the evidence demonstrates a violation of section 526 of the Vehicle Code upon the theory that defendant moved into the middle lane without ascertaining if such movement could be made with safety and at a time and place when the roadway was not clearly visible and the center lane not clear of traffic within a safe distance, a claim predicated principally upon evidence of lack of visibility (a dense fog in the nighttime) and that defendant was traveling at an excessive rate of speed, 55 miles an hour. The defect of this argument inheres in the fact that it ignores evidence favorable to the defendant.

The accident occurred about 11:30 p.m. January 18, 1947, on El Camino Real about six miles south of Palo Alto. The car in which plaintiff was riding was going in a southerly direction. There was evidence that this car's headlights were not on; also, that there was no car ahead of it in its lane, hence no occasion for that car to use the middle lane. It was a foggy night, quite thick in spots, not continuous. Defendant was driving north. He testified that he encountered clear sections and foggy sections; while traveling at a speed of 30

to 35 miles per hour he came up behind a car, honked his horn and started to pass at a speed of 20 to 25 miles per hour; the atmosphere was clear at the time he started to pass, though foggy at the place where the collision occurred; he did not see the car in which plaintiff was riding. The car which defendant was passing was driven by one Edward Fogarty who said he was traveling north in the right hand lane at 22 miles per hour; had his headlights on with his spotlight trained on the white line; the defendant came up behind Fogarty and blew his horn; Fogarty pulled over to the right; defendant was traveling about 5 miles per hour faster than Fogarty; defendant's car was in the center lane and about even with Fogarty's car when the accident occurred. The southbound car was about 40 feet away from Fogarty when he first observed it, approaching with no headlights burning. It was coming toward Fogarty's car at a slight angle, possibly crossing the white line between the southbound lane and the middle lane. It was intercepted by defendant's car. These facts do not justify the conclusion, as a matter of law, that defendant violated the provisions of section 526 of the Vehicle Code. At most, they present an issue of fact. For example, we cannot say that defendant was negligent in law for not anticipating the presence in the middle lane of a car traveling without lights or for not anticipating that a car, lighted or unlighted, was about to enter the middle lane without need, having no southbound car to pass. (See *Robbiano* v. *Bovet*, 218 Cal. 589 [24 P.2d 466].)

For similar reasons, plaintiff's claim that the facts demonstrate a violation of the basic speed law (Veh. Code, § 510) is without merit. Defendant's undertaking to pass the Fogarty car, under the circumstances described, was not, as a matter of law, the driving of a vehicle at a speed greater than reasonable or prudent or at a speed which endangered the safety of persons or property. Those, at most, were questions of fact.

Equally unsound is plaintiff's claim that the evidence demonstrates ''negligence as a matter of law under the common law reasonable man standard.''

(2) Plaintiff's claim that the evidence demonstrates, as a matter of law, that defendant's conduct was the proximate cause of plaintiff's injuries rests upon plaintiff's erroneous claim of negligence as a matter of law and falls with the latter claim.

(3) It is true that the law does not impute to plaintiff the

negligence, if any, of the driver of the vehicle in which she rode as a passenger.

There was some evidence on the question whether or not plaintiff was aware of the hazardous circumstances under which her car was being operated and was, therefore, guilty of contributory negligence in continuing to ride under those conditions. We are not prepared to say that such evidence, as a matter of law, establishes or fails to establish negligence of the plaintiff in that regard. The question is not material to this appeal in the absence of a showing, as a matter of law, that defendant was negligent and that such negligence was a proximate cause of plaintiff's injuries.

Plaintiff also invokes rule 3(b) of the Rules for Superior Courts, which requires a party seeking a new trial to serve and file a memorandum of points and authorities and declares that "[e]xcept for good cause shown, the failure of the moving party to serve and file the prescribed memorandum shall be grounds for denial of the motion without a hearing on the merits." (33 Cal.2d 1, 3.) Plaintiff claims but does not show how she was prejudiced by defendant's asserted failure to submit such a memorandum upon his motion for a new trial. In addition, plaintiff neither indicates that she brought such failure to the attention of the trial court, nor does she show how such failure could furnish the basis of a reversal of the trial court's order granting defendant's motion.

We conclude that the trial court committed no abuse of discretion and that its order granting a new trial should be affirmed.

The order appealed from is affirmed.

Peters, P. J., and Bray, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 23, 1952.