[Civ. No. 5440. Fourth Dist. June 20, 1957.]

KENNETH EWING SMITH, Respondent, v. LORRAL REIFFIL JOHNSON, Appellant.

Gray, Cary, Ames & Frye for Appellant.

Stanford & McDonough for Respondent.

MUSSELL, J.—This is an action for damages alleged to have been caused by the careless and negligent operation of his automobile by the defendant causing it to collide with an automobile being driven by plaintiff at the intersection of

Miramar Road and Highway 101 in San Diego County. A jury trial resulted in a verdict in favor of plaintiff but no damages were assessed against the defendant. Plaintiff's motion for new trial was granted on the grounds of the insufficiency of the evidence to justify the verdict and defendant appeals from the order granting this motion.

On July 30, 1954, at about 4:45 p.m., plaintiff, who was employed at Scripps Institute of Oceanography, was driving his Buick automobile in an easterly direction on Miramar Road. When he approached the intersection of this road and Highway 101, which runs generally north and south and is a four-lane highway, he stopped and waited for the traffic light to change. When the signal changed to green, he started across Highway 101, intending to proceed eastward on Miramar Road. Defendant, who was also driving a Buick automobile, approached the intersection from the east and when the signal changed to green, he proceeded to make a left-hand turn on Highway 101, intending to travel south thereon. The two cars met at about the center of the intersection, where both were stopped approximately 2 feet apart. There was no contact between the cars at that time, but neither could proceed without colliding with the other. Defendant shouted to plaintiff to move and plaintiff told him to move; that he (plaintiff) had the right of way. Defendant then got out of his car, went over to plaintiff's automobile and invited him to fight. Plaintiff refused the invitation and defendant then returned to his car and drove it forward until the two front bumpers were touching. He then "gunned" the motor. "The tires smoked, the wheels spun, and he burned rubber for approximately a minute." Plaintiff put his foot on the brake pedal of his car and defendant was unable to move it. Defendant then got out of his car and again went over to plaintiff, reached through the car window, knocked plaintiff's glasses off, and tried to strike him. Defendant then opened plaintiff's car door, took hold of plaintiff's arm and endeavored to pull him from the vehicle. However, one of the passengers in plaintiff's car held on to plaintiff and kept him from being pulled out. Defendant returned to his car and again tried unsuccessfully to push plaintiff's vehicle back out of the highway, and within a few minutes police officers arrived at the scene.

Plaintiff was frightened by the actions of defendant and felt a severe pain in his chest and left shoulder. He was groaning and unable to talk and was taken to a hospital by a man and his wife who had been watching the incident. Upon

arrival at the hospital, it was found that plaintiff was suffering from a severe heart attack and he was confined in and treated at the hospital for approximately a month.

Defendant contends that there is no evidence of negligence on his part sufficient to sustain a verdict in favor of the plaintiff; that the evidence established a battery, not a negligent collision. While we agree that there was evidence of a battery, we are not in accord with the contention that there was insufficient evidence to establish negligence on the part of the defendant.

Negligence has been defined in *Crabbe* v. *Rhoades,* 101 Cal. App. 503, 510 [282 P. 10], as

" 'The want of such care as a person of ordinary prudence would exercise under the circumstances of the case, the omission to do something which a reasonable man guided by those considerations which ordinarily regulate the conduct of human affairs would do, or doing something which a reasonable and prudent man would not do. . . . Negligence may be active or passive in character and may consist in heedlessly doing an improper thing or in heedlessly refraining from doing a proper thing. One who does not do what he should do is chargeable with negligence equally with him who does that which he should not.' "

■ To constitute actionable negligence three elements must occur: (1) The legal duty to use due care; (2) a breach of that duty; and (3) proximate causation between the breach and the injury. (*Lozano* v. *Pacific Gas & Elec. Co.,* 70 Cal. App.2d 415, 420 [161 P.2d 74]; 6 Cal.Jur.2d 630.) Every person is bound, without contract, to abstain from injuring the person or property of another, or infringing upon any of his rights (Civ. Code, § 1708) and every one is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter has willfully or by want of ordinary care, brought the injury upon himself. (Civ. Code, § 1714.) In *Donahue* v. *Mazzoli,* 27 Cal.App.2d 102, 105 [80 P.2d 743], the court held that under the common law and under the statute (Civ. Code, § 1708) the defendants were bound to so operate their truck as to abstain from injuring the person or property of another and that plaintiff was entitled to rely on a pleading of general negligence.

■ The evidence in the instant case is sufficient to warrant a finding of negligence on the part of the defendant.

Moreover, in view of the defendant's testimony that he had no intention to harm the plaintiff and that he merely wished to move plaintiff's automobile, the jury might reasonably infer that defendant's acts in attempting to move plaintiff's car constituted negligence and that the result of such acts was unforeseen.

■ As is said in *Donnelly* v. *Southern Pac. Co.*, 18 Cal.2d 863, 869 [118 P.2d 465]:

"Negligence is an unintentional tort, a failure to exercise the degree of care in a given situation that a reasonable man under similar circumstances would exercise to protect others from harm. . . . ■ A negligent person has no desire to cause the harm that results from his carelessness, . . . and he must be distinguished from a person guilty of willful misconduct, such as assault and battery, who intends to cause harm. . . . Willfulness and negligence are contradictory terms."

■ The trial court by granting the motion for new trial left the question of liability as well as the amount of damages to be awarded, if any, to future determination in a retrial of the case. The new trial herein was granted on the ground of the insufficiency of the evidence to justify the verdict. ■ In *Dorsa* v. *MacNeil*, 112 Cal.App.2d 807, 809 [247 P.2d 577], it is said:

" 'An order granting a new trial upon the ground of the insufficiency of the evidence to sustain the judgment will not be disturbed upon appeal, unless there be a clear showing of abuse of discretion. "All presumptions are in favor of the order and it will be affirmed if it is sustainable on any ground. [Citations.] ■ The trial court in considering a motion for new trial is not bound by a conflict in the evidence, and has not abused its discretion when there is any evidence which would support a judgment in favor of the moving party." [Citation.] Even if the evidence is uncontradicted, the trial judge may draw inferences from it contrary to those made by the jury, and it is his duty to resolve such conflicts in determining whether the issues should be retried. . . .' "

■ In *Brown* v. *Guy*, 144 Cal.App.2d 659, 661 [301 P.2d 413], it is said:

"The evidence, viewed most favorably to plaintiff, affords sound basis for a verdict in her favor. The function of the appellate court begins and ends with a determination of whether that is the case; we do not review the weight of the evidence or the propriety of permissible inferences; if the

cumulative effect of the proof, direct or indirect, contradicted or uncontradicted, whether produced by the one side or the other, is legally sufficient to sustain a finding for plaintiff, the order must be sustained.'' [Citations.]

And in *Tice* v. *Kaiser Co.*, 102 Cal.App.2d 44, 46 [226 P.2d 624], this court held that when a new trial is granted, the presumption is in favor of the order granting the new trial and against the judgment; that an appellate court will not interfere with the trial court's order in the absence of a showing of manifest or unmistakable abuse of discretion; and that ''It is not only the right, but the duty of the trial judge to grant a new trial when, in his opinion, he believes the weight of the evidence to be contrary to the finding of the jury. Trial judges have been commended, rather than condemned, for their actions in granting new trials under these circumstances. [Citations.]'' There is no showing herein of manifest or unmistakable abuse of discretion in the order from which this appeal is taken.

The order granting a new trial is affirmed.

Barnard, P. J., and Griffin, J., concurred.