[Civ. No. 17529.   First Dist., Div. Two.   Mar. 11, 1958.]

EVELYN PHILLIPS, Respondent, v. RICHARD BARRON, Appellant.

Edward A. Friend for Appellant.

Hardin, Fletcher, Cook & Hayes, William J. Hayes and Cyril Viadro for Respondent.

DOOLING, J.—Defendant appeals from an order granting a new trial on the ground of insufficiency of the evidence. The action was one for personal injuries received by plaintiff in a collision between the automobile driven by her and the automobile driven by defendant.

The rule is firmly settled by an unbroken line of decisions of our Supreme Court that the trial court is entitled to reweigh the evidence in determining whether to grant a new trial on the ground of insufficiency of the evidence and if the evidence is legally sufficient to support a verdict in favor of the party moving for the new trial an appellate court must affirm the order of the trial court granting the new trial on that ground. (*Hawk* v. *City of Newport Beach,* 46 Cal.2d 213, 219 [293 P.2d 48] ; *Richardson* v. *Ham,* 44 Cal.

2d 772, 775 [285 P.2d 269].) Appellant asks us to reconsider and set aside this rule. ▮ It is futile to ask an intermediate court to overrule a principle settled by the decisions of our Supreme Court, which we are bound in law to follow. In this connection we may point out that as recently as September 17, 1957, the Supreme Court again reaffirmed this particular rule in *People* v. *Sheran,* 49 Cal.2d 101, 109 [315 P.2d 5].

▮ Looking therefore only to the evidence most favorable to the plaintiff we find the following: The collision occurred on September 14, 1954, on East 14th Street in San Leandro at its intersection with 152d Avenue. In this area East 14th Street is a four lane highway with two northbound and two southbound lanes separated by a dividing strip approximately 17 feet wide. The plaintiff was southbound on East 14th Street in the inner lane driving her car at about 25 or 30 miles per hour. Defendant who had been driving northerly had turned left into the dividing strip at the intersection of 152d Avenue intending to make a U-turn. The plaintiff testified that when she was 30 or 40 feet from this intersection she saw the defendant's automobile apparently stopped in the divider strip. The defendant then started his car forward into the southbound lane. When plaintiff observed this she put her foot on the brake and swerved her car to the right. The defendant's car continued to move and the two came into a glancing collision. Plaintiff "blacked out" temporarily and partially lost control of her car which ran over the outer curb, entered a lot, struck an 18-foot boat on a boat trailer, and continued into the next lot where it collided violently with a house trailer. The witness Waiters corroborated plaintiff in the following particulars: He testified that he first saw defendant's automobile stopped in the dividing strip; that it started forward into the southbound lane and continued moving until the collision when its front end had about reached the dividing line between the two southbound lanes; that plaintiff swerved her car to the right but nevertheless the two cars came into contact. There was conflicting testimony in many particulars but under the rule above referred to we must disregard it.

The above recital is sufficient to demonstrate that the evidence is ample to support a verdict for the plaintiff and with that established we must affirm the order.

▮ Appellant devotes much time to the argument that he was not legally responsible for the subsequent course of the

respondent's car after the impact. It is sufficient to point out that whether the original collision was a proximate cause of the subsequent course of respondent's car, or whether in the exercise of ordinary care respondent could have controlled her automobile better and avoided some or all of the subsequent damage, also presented a question for the trial court in granting the motion for new trial.

The respondent in moving for a new trial failed to furnish points and authorities as required by rule 3(b), Rules for Superior Courts. Appellant called this fact to the trial court's attention but the trial court proceeded to hear the motion, over appellant's objection. Rule 3(b) provides: "A party seeking a new trial ... *shall*, within ten (10) days after filing notice of intention to move therefor, serve and file a memorandum of points and authorities ... Except for good cause shown, the failure of the moving party to serve and file the prescribed memorandum *shall* be grounds for denial of the motion without a hearing on the merits." (Emphasis ours.)

Rule 36(c)(2) of the same rules provides that the word "shall" is mandatory. From this appellant argues that it is mandatory on the superior court to deny the motion where the memorandum is not filed. If this had been the purpose of the Judicial Council in formulating rule 3(b) they could have readily said so in more direct and less ambiguous language. To say that failure to perform Act A "shall be grounds for" doing Act B is far different from saying that the court shall do Act B if Act A is not performed. We think it would distort the language of this rule to construe it to mean, as appellant contends: "if appellant fails to file the prescribed memorandum the motion shall be denied." The failure is only made "grounds for" a denial, i.e., a basis or reason on which the trial court may act. It was so construed in *Dorsa* v. *MacNeil*, 112 Cal.App.2d 807, 811 [247 P.2d 577]. It is true that in the Dorsa case no objection on this ground was made in the trial court. Appellant here did make the objection but the following also appears in the transcript:

"THE COURT: And I might further state ... he sets forth all the statutory grounds ... the statutes as far as that goes are some authorities and would constitute, at least the reference to one code section, the one setting forth the grounds—I think that the merits of a case are what are to be considered and not some technical ground.

"Mr. Friend: I agree with the Court, simply in proper discharge of my duties to my client I cite every statute I think is applicable."

█ Appellant now argues that he was prejudiced by the lack of points and authorities in that he was not prepared to argue the sufficiency of the evidence. He made no such contention in the trial court, which had the power to continue the hearing if he had made a proper showing, and should not be allowed to make that argument for the first time on appeal when the record made in the trial court furnishes no support for it.

The order is affirmed.

Kaufman, P. J., and Draper, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 7, 1958.