[Civ. No. 24074. Second Dist., Div. Three. May 26, 1960.]

CLAYTON J. BERGLOFF, Respondent, v. JOSEPH P. REYNOLDS, Appellant.

Gibson, Dunn & Crutcher, Sherman Welpton, Jr., and William G. Tucker for Appellant.

Erb, French & Picone for Respondent.

FORD, J.—This is an appeal by the defendant from an order which (1) vacated a prior order dismissing an action pursuant to the provisions of section 583 of the Code of Civil Procedure[1] and (2), upon such vacation of the prior order, denied the motion to dismiss upon which the prior order had been based.

The action was one to recover damages for personal injuries and was filed on May 4, 1954. The answer of the defendant was filed on September 10, 1954. A notice of a motion to dismiss pursuant to the provisions of section 583 of the Code of Civil Procedure was filed by the defendant on June 23, 1958. In support of the motion, an affidavit of one of the attorneys for the defendant was filed. Therein it was stated as follows: That the responsibility for the defense of the action had been recently transferred to him by another attorney in the firm who was then on vacation and, accordingly, his affidavit could not be presented. That the vacationing attorney had advised the affiant that the last previous continuance of the trial had been due to the fact that the plaintiff's attorney had lost contact with his client and had been unable to locate him. During the week commencing June 2 and again during the week commencing June 16 and

---

[1] The portion of that section here pertinent is as follows: "The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after action is filed to bring such action to trial. . . ."

up to the date of the affidavit, the affiant had tried unsuccessfully to communicate by telephone with the attorney in charge of the case for the plaintiff. The affidavit ended with the statement that "it would impose considerable expense and hardship if defense attorneys must again prepare for trial in this case only to discover that the plaintiff's attorneys are again unable to proceed because of inability to contact their client and have him available for the trial." On July 2, 1958, the motion to dismiss was granted. The order of dismissal of the action was signed by the judge and filed on July 3, 1958.

On July 8, 1958, counsel for the plaintiff filed a notice of motion in which it was stated that on July 15, 1958, the plaintiff would "petition the Court to reconsider its ruling on defendant's motion, and for such other and further relief as the Court may deem just and proper." It was further stated that the motion would be "based upon this notice, the affidavit of Martin C. Calaway and points and authorities, copies of which are served herewith, and the pleadings, papers, records and files in this action." The memorandum of points and authorities consisted solely of excerpts from section 473 of the Code of Civil Procedure, a portion thereof being as follows: "The court may, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

The affidavit of Mr. Calaway was as follows: He was one of the attorneys for the plaintiff. The matter had been continued on several occasions and "on at least one occasion the continuance was on the Courts own motion due to the unavailability of courtrooms, and at least on one occasion at the behest of the attorneys for the defendant who were otherwise engaged in trial." After the date of the accident the plaintiff had had to seek employment outside of the state of California and was then employed near the city of Espanola, New Mexico. The affiant had talked with the plaintiff and had been assured that he would be available "for the presently set trial date of July 21, 1958." The affiant knew of no reason why the trial could not proceed at that time, "subject to the availability of courtrooms and the engagement of counsel in other cases." The affiant had instructed an associate, Robert P. Stebbins, to appear in court on July 2, 1958, and relate such facts to the court, but Mr. Stebbins

"misunderstood the whereabouts of the defendant [sic] and, therefore, erroneously represented the whereabouts to the Court."

On July 14, 1958, the attorney for the defendant who had made the affidavit in support of the motion to dismiss made a further affidavit in opposition to the motion of the plaintiff. Therein he stated as follows: On July 2, 1958, the time set for the hearing of the motion to dismiss, the court twice called the matter and no one answered for the plaintiff. The court then heard the motion and determined that it should be granted. Upon leaving the courtroom, the affiant encountered Mr. Stebbins. The affiant then returned to the courtroom and asked the court to hear Mr. Stebbins. Mr. Stebbins then told the court that the plaintiff was working in Arabia and would not be present for the trial on July 21, 1958, but that he had determined that a September, 1958, trial date could be obtained from the court and the plaintiff could then be present. The court nevertheless ruled that the motion to dismiss should be granted. The attorney for the defendant further stated in his affidavit that a day or two after the notice of the motion to dismiss had been filed, Mr. Calaway called the affiant on the telephone and told the affiant that the plaintiff's counsel had notified him of the trial date and had received no response from him. At affiant's suggestion, Mr. Calaway stated that he would write to the plaintiff again. The affiant told Mr. Calaway that if he were advised prior to July 2, 1958, that the plaintiff and his counsel would be present and ready for trial on July 21, 1958, the affiant would not press the motion to dismiss. Mr. Calaway assured the affiant that he would call the affiant before July 2, 1958, but he failed to do so.

In response to the affidavit last-mentioned, Mr. Calaway filed a "supplementary affidavit." He stated as follows: He received a copy of the notice of the motion to dismiss on June 20, 1958, and attempted to reach counsel for the defendant by telephone but was unable to do so. On June 23, 1958, counsel for the defendant did return his call which was made earlier on that day and stated that he would not press the motion to dismiss if he could be assured that the plaintiff would be present and ready for trial on July 21, 1958. Counsel for the defendant said that it was too much of a hardship on him to get ready for trial in less than a month's time. Mr. Calaway further stated in his affidavit that it was the understanding of both counsel that no further call

by Mr. Calaway to counsel for the defendant would be necessary unless such assurance could be given. Mr. Calaway then attempted to communicate with the plaintiff in Espanola, New Mexico, but "this city is located in the desert and the plaintiff works in the desert where he cannot be reached either by telephone or telegraph." Mr. Calaway asked an associate to appear on July 2, 1958, and inform the court that the plaintiff was working in the desert, that his counsel were diligently trying to reach him and "within a very short period of time [his counsel] would be able to inform the Court whether or not the plaintiff would be able to appear, but that as of July 2, 1958 we had not been able to do so."

An affidavit of Mr. Stebbins was also presented. He stated as follows: In the late afternoon of July 1, 1958, Mr. Calaway requested him to appear in court in opposition to the motion to dismiss. "[D]uring the explanation of the circumstances relating to the plaintiff's absence from the State of California, Mr. Calaway told your affiant that the plaintiff was presently working in the desert. That the office in which this conversation took place had other people present at the time and there was another conversation among the other individuals. That for reasons unknown to your affiant, your affiant misunderstood Mr. Calaway's conversation and understood Mr. Calaway to say that the plaintiff was working in the desert in Arabia. That due to this misunderstanding by your affiant, when your affiant appeared in Department 26 to argue the motion on July 2, 1958, he erroneously stated to the judge that the plaintiff was working in Arabia but it was thought that the plaintiff would somehow be able to return to be present for trial, either on the July 21, 1958 date or in September, 1958. That your affiant stated to the Court in the argument that he had previously contacted Department One and had been assured by Department One that in the event that a continuance of the July 21, 1958 date became necessary, it would be possible to get another trial date in September, 1958."

On July 15, 1958, the motion of the plaintiff came on to be heard before the judge who had made the order of dismissal. Counsel for both parties were present. The matter was ordered "off calendar." On January 14, 1959, counsel for the plaintiff filed a notice that on January 21, 1959, the plaintiff would "move that the Court put the plaintiff's petition for reconsideration of its ruling on defendant's motion to dismiss on calendar, and for such other and further relief as the Court may deem just and proper." It was further stated therein

that the motion would be "based upon this notice, the affidavits and points and authorities in the Court file, copies of which have been served, and the pleadings, papers, records and files in this action." Thereafter a similar notice was filed by the plaintiff to the effect that such motion would be made on February 6, 1959. On February 10, 1959, a further notice was filed which stated that "the date for hearing of the plaintiff's motion for reconsideration and to vacate the order of dismissal taken by mistake, inadvertence, surprise or excusable neglect under the provisions of California Civil Code of Procedure, section 473, which was previously set for February 6, 1959 . . . has been continued to February 26, 1959, . . ." On February 26, 1959, the matter was heard by a judge other than the judge who had made the order of dismissal. It was ordered that the order of dismissal of July 3, 1958, be vacated and set aside and the motion of the defendant to dismiss the action be denied.

■■■ An order dismissing an action for lack of prosecution may be set aside pursuant to a motion under section 473 of the Code of Civil Procedure if the motion is timely made and has the necessary factual support. (*Stephens* v. *Baker & Baker Roofing Co.*, 130 Cal.App.2d 765 [280 P.2d 39].) ■■■ As stated in the case just cited, at page 771: "The very purpose of section 473 is to give a party the opportunity of repairing the damage done because of his failure or that of his counsel to make the showing he could have made, provided, of course, that that failure is due either to mistake, inadvertence, surprise or excusable neglect." ■■■ The plaintiff was not, as the defendant-appellant herein contends, restricted to an appeal from the order of dismissal. In disposing of a similar argument in *Proulx* v. *De Moti*, 106 Cal.App.2d 265, the court said at page 270 [234 P.2d 1009] : "Finally, it is contended that the proper remedy of the plaintiffs was by appeal from the judgment; that the affidavit of plaintiffs' attorney shows that the facts concerning the absence of plaintiffs were known to him at the time of the dismissal; that 'the same were stated at that time'; and therefore the motion to vacate did not present any new issue to the court. The contention may not be sustained. It must be assumed that the trial court concluded upon the record before it that the facts surrounding the misunderstanding of the plaintiffs and their failure to be present were not fully brought out before the court in the Master Calendar Department when the order of dismissal was made. Further, the issues of whether the neglect or misunderstanding was

excusable were not presented by affidavit to the judge presiding in the Master Calendar Department. In the circumstances there can be no question but that plaintiffs properly sought relief under the provisions of section 473 of the Code of Civil Procedure." ▪ Moreover, such motion may be heard by a judge other than the judge who heard the motion to dismiss. (*Stephens* v. *Baker & Baker Roofing Co., supra,* 130 Cal.App. 2d 765, 773.) Jurisdiction to determine such a matter is in the superior court, not in a particular judge. (See *People* v. *Sears,* 138 Cal.App.2d 773, 793-794 [292 P.2d 663].)

▪ The appellant urges that even if section 473 of the Code of Civil Procedure is applicable in such a case, it cannot be used as the basis of the order vacating the dismissal herein because no such ground was stated in the notice of motion. The notice of motion filed five days after the order of dismissal did not, it is true, specifically refer to mistake, inadvertence, surprise or excusable neglect as the basis of the relief sought. But the memorandum of points and authorities referred only to section 473 of the Code of Civil Procedure.[2] Moreover, the affidavits in support of the motion were basically directed to the matter of the mistake of Mr. Stebbins as to the whereabouts of the plaintiff and his giving of misinformation to the court with respect thereto because of such mistake.

▪ But before determining whether the defendant was given sufficient notice that the application to vacate and set aside the order of dismissal was being made pursuant to section 473, it should first be determined whether the plaintiff gave notices of several motions or whether he merely set the same motion for hearing on several occasions. The matter was placed "off calendar" on July 15, 1958, the date first set for the hearing of plaintiff's motion. The record does not indicate the reason for such action.[3] It is, of course, the duty of the trial court to pass upon the merits of a motion made pursuant

[2]We need not consider the sufficiency of such memorandum as constituting "points and authorities." (See *Kostal* v. *Pullen,* 36 Cal.2d 528, 529 [225 P.2d 717].) The absence of such a memorandum would not, in and of itself, preclude relief to the moving party. (*Proulx* v. *De Moti, supra,* 106 Cal.App.2d 265, 270; see *Phillips* v. *Barron,* 158 Cal.App.2d 316, 319 [322 P.2d 506].)

[3]Upon oral argument, counsel for the appellant stated in substance as follows: The judge, in open court, refused to reconsider his ruling on the ground that he had no jurisdiction to do so since the order of dismissal had already been made. Counsel for the respondent then asked that the matter be treated as an application for relief under section 473 of the Code of Civil Procedure but the court refused to do so. Counsel for the appellant then asserted in his argument on appeal that the respondent did nothing further until the first judge had been succeeded in the law and motion department by Judge Breitenbach.

to section 473 of the Code of Civil Procedure if asked to do so by a party. (*Davis* v. *Superior Court,* 35 Cal.App. 473, 477 [170 P. 437] ; see *Robinson* v. *Superior Court,* 35 Cal.2d 379, 383 [218 P.2d 10].) Setting to one side for the moment the contention of the defendant, as appellant herein, that in any event the respondent did not make a timely application for the disposition of the matter on its merits, it is clear that the notices of motion made after July 15, 1958, did not relate to new motions but rather were directed to having placed back on the calendar the matter as to which no disposition on the merits had been made on July 15, 1958. The language of the court in *Henry* v. *Willett,* 60 Cal.App. 244, at pages 250-251 [212 P. 698], is pertinent: ''We are of the opinion that there is no merit in the objections urged against the entertainment of the motion. While it is true that the record indicates that there were several attempts at the presentation of the motion as originally filed for a change of the place of the trial of this action, as a matter of fact, and in legal effect, there was but one motion, to wit, the motion noticed for the fourteenth day of November, 1921. The other so-called motions merely involved a revival or the pressing of the original motion. No other moving papers were filed than those originally filed and served and the proceeding was conducted entirely upon said papers. . . . In this case, though, the court had not passed upon the motion. On the day originally fixed for the hearing, the matter of the motion, as the minutes of the court disclose, was not disposed of. It was not even postponed for hearing to a further date. The subsequent so-called motions were, as above stated, merely notices of the intention of the defendants to present and press the motion as originally made and there is, obviously, no ground for holding that the defendants, in such a situation, exhausted their right to proceed with a motion or that the court was without jurisdiction to hear and determine it.''

We return then to the question of whether the appellant was given sufficient notice of the ground upon which the motion to vacate and set aside the order of dismissal was based. The problem thus presented is not new. In *Ramey* v. *Myers,* 159 Cal.App.2d 82 [323 P.2d 805], while the notice of motion did not specifically state the grounds on which it would be urged, it did state that the motion would be based on points and authorities and an affidavit filed concurrently therewith. From such affidavit and points and authorities, the basis upon which the moving party was pro-

ceeding was clearly discernible. Mr. Justice Herndon stated at page 86: ''From the foregoing it is apparent that appellant was given ample notice of the grounds upon which the motion would be made. Thus, as stated in *Shields* v. *Shields*, 55 Cal.App.2d 579, at page 584 [130 P.2d 982], 'the purpose of the code provision requiring that the grounds of the motion be set forth was sufficiently served and that is all that the law requires.' To the same effect are *Savage* v. *Smith*, 170 Cal. 472, 474 [150 P. 353]; *Giandeini* v. *Ramirez*, 11 Cal.App.2d 469, 475 [54 P.2d 91]; *Perez* v. *Perez*, 111 Cal. App.2d 827, 830 [245 P.2d 344].''

█ We turn now to the contention that the relief granted the respondent was improper because section 473 of the Code of Civil Procedure provides that an application therefor ''must be made within a reasonable time, in no case exceeding six months, after such judgment, order or proceeding was taken.'' But the difficulty with such position is that the respondent's notice of motion was filed five days after the order of dismissal was signed and filed and, under section 1005.5 of the Code of Civil Procedure, the motion ''is deemed to have been made and to be pending before the court for all purposes, upon the due service and filing of the notice of motion.''[4] Accordingly, the motion of the respondent was deemed to have been made on July 8, 1958, and to have been pending at all times thereafter until the disposition thereof on February 26, 1959, of which the appellant here complains. (*Gardner* v. *Trevaskis*, 158 Cal.App.2d 410, 413 [322 P.2d 545]; *Batchelor* v. *Finn*, 169 Cal.App.2d 410, 417 [337 P.2d 545, 341 P.2d 803].) The court had jurisdiction to consider and pass upon the application after the expiration of the six months' period. (*Roscborough* v. *Campbell*, 46 Cal.App.2d 257, 261 [115 P.2d 839].)

█ A motion for relief under section 473 of the Code of Civil Procedure is addressed to the sound discretion of the trial court. Where there is not a clear showing that such discretion has been abused, its determination will not be disturbed. (*Vartanian* v. *Croll*, 117 Cal.App.2d 639, 644 [256 P.2d 1022].) █ The mistake of Mr. Stebbins as to the whereabouts and availability of the plaintiff which resulted in his giving misinformation to the court to the detriment of his client was of the nature as to which relief may be granted under section 473 of the Code of Civil Procedure.

[4]Section 1005.5 further states that such provision ''shall not deprive a party of a hearing of the motion to which he is otherwise entitled.''

(*Rahn* v. *Peterson,* 63 Cal.App. 199 [218 P. 464]; *Nicol* v. *Davis,* 90 Cal.App. 337 [265 P. 867]; *cf. Proulx* v. *De Moti, supra,* 106 Cal.App.2d 265.) We have not overlooked the fact that the plaintiff did not press his motion to a determination for a number of months, but we find no abuse of discretion on the part of the trial court in the present case.

The order of dismissal having been vacated and set aside, the court treated the defendant's motion to dismiss for lack of prosecution as being again before it. The motion was then denied. It is to be noted that the affidavit in support of that motion was made by an attorney who had recently undertaken responsibility for the case rather than by the attorney who had previously handled the matter and had personal knowledge as to its past history. (*Cf. Mayo* v. *Beber,* 177 Cal.App.2d 544, 551 [2 Cal.Rptr. 405].) But aside from that weakness in the affidavit, it cannot be said that the showing made on behalf of the defendant was such as to compel the granting of the motion. The extent of the discretion placed in the trial court is thus stated in *California Emp. Stab. Com.* v. *Guernewood Park Resort & Tavern,* 70 Cal.App.2d 245, at page 251 [160 P.2d 581]: "In the present case the motion for dismissal was filed and heard on the day of trial, just one day short of the five-year period, and therefore admittedly within the period in which the court in the exercise of its discretion had the power to grant or deny appellants' motion to dismiss the action. Inasmuch as said motion fell within the discretionary period the order of the court denying the same will not be disturbed 'except upon a showing of a clear abuse of discretion.' "

Affirmed.

Shinn, P. J., and Vallée, J., concurred.