[Civ. No. 26429.   First Dist., Div. One.   Mar. 26. 1969.]

SAN FRANCISCO LATHING, INC. et al., Petitioners, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; HENRY P. DOYE, Real Party in Interest.

O'Connor, Cohn & Lynch and Cyril Viadro for Petitioners.

No appearance for Respondent.

A. J. Quigley and Peter A. Ribar for Real Party in Interest.

MOLINARI, P. J.—In this mandamus proceeding petitioners seek to compel the superior court to vacate its order setting aside a prior order to dismiss an action for plaintiff's failure to prosecute.

On October 19, 1965, plaintiff filed a complaint to recover damages for personal injuries allegedly sustained as a result of petitioners' negligence. Petitioners were served with summons on October 18, 1968, one day short of three years from the filing of the complaint. Petitioners thereupon moved for a

dismissal of the action for lack of prosecution pursuant to Code of Civil Procedure section 583. The motion was supported by the declaration of petitioners' attorney which stated that plaintiff and plaintiff's counsel were aware of petitioners' address, that petitioners were at all times since the filing of the action located at that address and were consistently available for service of process. A declaration in opposition to the motion made by plaintiff's attorney stated that approximately seven months after the date of the filing of the complaint plaintiff moved from San Francisco to Canada; that plaintiff did not inform the declarant of his change ,of address and left no forwarding address; that declarant endeavored to contact plaintiff but was unable to do so; and that no communication was received from plaintiff from the time he departed for Canada until November 5, 1968.

Following the hearing of the motion an order was made on December 9, 1968 dismissing plaintiff's action. Ten days later plaintiff noticed a motion for reconsideration of the order dismissing the action for lack of prosecution. This motion was supported by plaintiff's declaration that he had not contacted his attorney after establishing residence in Canada because just prior to his departure from San Francisco he was advised by his attorney that the action could be held in abeyance for a period of three years, and that in reliance on this representation he did not communicate with his attorney or advise him of a forwarding address because he believed it would not be necessary to proceed further in the action until "shortly after October 19, 1968.'' He stated further that he did not contact his attorney to inquire as to the status of the action until November 4, 1968, when plaintiff was in San Francisco on a visit.

The latter motion came on for hearing before a judge other than the judge who had made the order of dismissal. The court thereafter made its order setting aside and vacating the order of dismissal. Petitioners then filed the instant petition for a writ of mandate and an alternative writ of mandate was issued by this court. The basis for the petition is the claim that in making the order vacating and setting aside the previous order of dismissal the court below acted without jurisdiction and abused its discretion.

Initially, we note that a motion for new trial does not lie to secure a reexamination of the decision of a motion (*Gray* v.

*Cotton*, 174 Cal. 256, 258 [162 P. 1019]; *Harper* v. *Hildreth*, 99 Cal. 265, 270 [33 P. 1103]), and that in the technical sense there is no authority in the code for a motion for reconsideration. The motion to reconsider the decision on a motion has, however, been recognized by the appellate courts in limited situations. Thus appellate courts have always recognized that a court has power, on a subsequent motion, to reconsider its prior decision *denying* a similar motion. (*Harth* v. *Ten Eyck*, 16 Cal.2d 829, 832-833 [108 P.2d 675]; *City & County of San Francisco* v. *Muller*, 177 Cal.App.2d 600, 603 [2 Cal.Rptr. 383]; *O'Brien* v. *City of Santa Monica*, 220 Cal.App.2d 67, 70 [33 Cal.Rptr. 770]; *Dahlin* v. *Moon*, 141 Cal.App.2d 1, 4 [296 P.2d 344]; *Hover* v. *MacKenzie*, 122 Cal.App.2d 852, 857 [266 P.2d 60]; *Josephson* v. *Superior Court*, 219 Cal.App.2d 354, 358-359 [33 Cal.Rptr. 196]; see *Bice* v. *Stevens*, 160 Cal.App. 2d 222, 225-226 [325 P.2d 244].) In such cases the subsequent motion is considered as a *renewal* of the previous motion. (*Harth* v. *Ten Eyck, supra*; *Bice* v. *Stevens, supra*; *Hover* v. *MacKenzie, supra*.) This principle is also expressed in Code of Civil Procedure section 1008[1] permitting the *renewal* of a motion after it has been *denied* on its merits, but permitting a court to refuse to consider a new motion supported by substantially the same showing as the one denied. (*City & County of San Francisco* v. *Muller, supra*; *Josephson* v. *Superior Court, supra*, at p. 359.)

The motion to reconsider has also been recognized by the reviewing courts where it is in the nature of a motion seeking relief under the provisions of Code of Civil Procedure section 473[2] which provides, in pertinent part, that "The court may, upon such terms as may be just, relieve a party . . . from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. . . ." (See *Bergloff* v. *Reynolds*, 181 Cal.App.2d

---

[1]Code of Civil Procedure section 1008, in pertinent part, provides: "When an application for an order has been made to a judge, or to the court, and refused in whole or in part, or granted conditionally, or on terms, and subsequent application for the same order, upon an alleged different state of facts, shall be made, it shall be shown by affidavit what application was before made, when and to what judge, what order or decision was made thereon and what new facts are claimed to be shown. For a failure to comply with this requirement, any order made on such subsequent application may be revoked or set aside on ex parte motion."

[2]Unless otherwise indicated, all statutory references hereinafter made are to the Code of Civil Procedure.

349, 354-356 [5 Cal.Rptr. 461].) Except for this situation, however, no case or statute has been cited to us or found by our independent research which permits a motion to reconsider the *granting* of a motion previously made.

■ ■ In view of the foregoing we apprehend in the instant case that, since an order of dismissal for lack of prosecution is a final judgment from which an appeal lies (*Daley* v. *County of Butte,* 227 Cal.App.2d 380, 388 [38 Cal.Rptr. 693]; *Chase* v. *Superior Court,* 210 Cal.App.2d 872, 875 [27 Cal. Rptr. 383]), plaintiff's remedy was by way of an appeal from the order granting the dismissal rather than by a motion for reconsideration, unless the motion for reconsideration can be treated and considered as a motion for relief pursuant to section 473. (See *Stephens* v. *Baker & Baker Roofing Co.,* 130 Cal.App.2d 765, 773 [280 P.2d 39]; *Bergloff* v. *Reynolds, supra,* 181 Cal.App.2d 349, 355; and see *Key System Transit Lines* v. *Superior Court,* 36 Cal.2d 184, 187-188 [222 P.2d 867].) Here no appeal was taken from the order of dismissal. Plaintiff urges, however, that the motion for reconsideration was one which seeks relief from the judgment of dismissal pursuant to section 473.

■ An order dismissing an action for lack of prosecution may be set aside pursuant to a motion under section 473 if the motion is timely made and has the necessary factual support, and such motion may be heard by a judge other than the judge who heard the motion to dismiss. (*Bergloff* v. *Reynolds, supra,* 181 Cal.App.2d 349, 355-356; *Stephens* v. *Baker & Baker Roofing Co., supra,* 130 Cal.App.2d 765, 771-773.) In *Bergloff,* a motion to reconsider an order dismissing an action for lack of prosecution was held to be a motion under section 473 which sufficed as the basis of the order vacating the dismissal. Although the memorandum of points and authorities in that case referred only to section 473, and the motion did not specifically refer to mistake, inadvertence, surprise or excusable neglect as the basis of the relief sought, the affidavits in support of the motion were basically directed to the matter of the mistake of one of the plaintiff's attorneys as to the whereabouts of the plaintiff and the attorney's giving of misinformation to the court with respect thereto.

■ In the present case, the notice of motion for reconsideration was not accompanied by any points and authorities, nor did it specifically refer to the grounds for relief specified in section 473. It merely stated that it was based on the notice

of motion, plaintiff's declaration attached thereto, and upon the records, papers, and pleadings on file in the action. Adverting to the declaration, we note that it was merely an attempt to make a more complete showing as to why the action was not diligently prosecuted and did not purport to establish that, because of either mistake, inadvertence, surprise or excusable neglect, plaintiff or his counsel had failed to make the showing that could have been made in opposing the motion to dismiss. ▮ As stated in *Stephens, supra*, "The very purpose of section 473 is to give a party the opportunity of repairing the damage done because of his failure or that of his counsel to make the showing he could have made, *provided, of course, that that failure is due either to mistake, inadvertence, surprise or excusable neglect.*" (130 Cal.App. 2d at p. 771; italics added.) ▮ Here the substance of plaintiff's declaration was that he was advised by his attorney that the action could be held in abeyance until October 19, 1968 and that, accordingly, he did not contact his attorney until November 4, 1968 when he visited San Francisco. But nowhere does he state why the matters contained in his declaration were not presented in opposition to the motion to dismiss, since the record discloses that plaintiff was in contact and communication with his attorney on November 4, 1968, following the filing and service of the motion to dismiss on October 31, 1968, prior to the execution on November 29, 1968 of the declaration of his attorney in opposition to the motion to dismiss, and prior to the hearing of said motion on December 2, 1968.

Upon taking cognizance, as we must, of the rule that a motion for relief under section 473 is addressed to the sound discretion of the trial court, and that where there is not a clear showing that such discretion has been abused, its determination will not be disturbed (*Beard* v. *Beard,* 16 Cal.2d 645, 647 [107 P.2d 385]; *Bergloff* v. *Reynolds, supra,* 181 Cal.App.2d 349, 358), we are constrained to hold that this is one of the rare cases in which interference by a reviewing court is proper because it clearly appears that there has been a plain abuse of discretion. That holding is impelled by the complete absence of the showing required to obtain relief under section 473.

The case of *Fryer* v. *Kaiser Foundation Health Plan, Inc.,* 221 Cal.App.2d 674 [34 Cal.Rptr. 688], relied upon by plaintiff, does not assist him. In *Fryer* the court was apparently

considering the timeliness of an appeal. The opinion discloses that a motion to dismiss was granted and a judgment of dismissal entered on September 12, 1962. Thereafter the court granted a motion to reconsider, and on October 11, 1962, entered a minute order which stated that the court, " 'after reconsideration, re-affirms its ruling granting a judgment of dismissal.' " The notice of appeal stating it was from a judgment entered on October 1, 1962 was held to be a typograhical error and the order was treated as instituting an appeal from the order of October 11, 1962, since both of the parties had treated the appeal as being from that order. Although the opinion does state that the judgment entered on September 12, 1962 ceased to exist when the motion to reconsider was granted, the opinion in *Fryer* does not disclose the basis for the motion to reconsider.

Let a peremptory writ of mandate issue directing the respondent court to vacate its order of December 30, 1968.

Sims, J., and Elkington, J., concurred.