[No. B029677. Second Dist., Div. Four. Dec. 22, 1988.]

SLATER WILCOX, Plaintiff and Appellant, v.
GREGORY E. FORD, Defendant and Respondent.

**COUNSEL**

Robert Wasserwald and William J. Cleary, Jr., for Plaintiff and Appellant.

Hill, Genson, Even, Crandall & Wade, F. X. Sean O'Doherty and Angela C. Agrusa for Defendant and Respondent.

**OPINION**

**WOODS, (A. M.), P. J.**—This is an appeal by Slater Wilcox (appellant) from a judgment in favor of Gregory E. Ford (respondent) upon dismissal of appellant's action for his failure to have brought it to trial within five years. (Code Civ. Proc., § 583.310.)[1]

This action arises out of an automobile accident that occurred on May 9, 1981. Appellant's complaint was filed on March 5, 1982. The matter was arbitrated, resulting in an award to appellant. Respondent moved for a trial de novo and the case was set for trial on July 25, 1986. On that date, respondent's attorney appeared and, at appellant's behest, sought to continue the trial.

The trial was continued to November 14, 1986. There was no appearance by either side. Respondent's attorney was to give notice to appellant of the

---

[1] All statutory references are to the Code of Civil Procedure.

new trial date but neglected to do so. Originally, appellant's attorney admitted that he knew of the November date and had delegated an associate, Ray Dennenberg, to appear. Subsequently, a different member of the firm of appellant's attorneys filed a declaration which sought to retract this admission. In any event, neither Dennenberg nor respondent's attorney appeared for trial.[2] The matter was dropped from the civil active list.

■ ■ ■ ■ On June 4, 1987, respondent moved for dismissal under the five-year statute.[3] Appellant's opposition sought relief under section 473 on grounds of surprise, inadvertence and excusable neglect, as well as on grounds of estoppel and waiver. In addition to this opposition, appellant filed a separate motion for relief under section 473.

The factual basis of appellant's original opposition was Dennenberg's failure to appear for trial and his failure to advise the senior attorney in his office that he had not appeared. Since Dennenberg had been fired and was unavailable, appellant could offer no explanation for his conduct.

The trial court granted defendant's motion for dismissal on grounds, inter alia, that section 473 did not apply to mandatory dismissals under the five-year statute.

Appellant moved for reconsideration, attempting to excuse his failure to appear by denying that he had ever been informed of the November trial date by respondent's attorney. The motion for reconsideration was denied. This appeal ensued. We affirm.

I

Under section 583.310 an action "shall be brought to trial within five years after the action is commenced against the defendant." Excluded from the computation is any period during which it was "impossible, impracticable, or futile" to bring the action to trial. (§ 583.340, subd. (c).) The Law Revision Commission Comment (1984 rev.) notes that "[s]ubdivision (c) codifies the case law 'impossible, impractical, or futile' standard. . . . [Subdivision (c)] recognizes that bringing an action to trial . . . may be impossible, impracticable, or futile due to factors not reasonably within the control of the plaintiff."

---

[2] While the later declaration did establish that appellant's attorneys were not present at the July 25, 1986, hearing, at which the trial was continued, it did not directly address whether any member of the firm, including Dennenberg, had learned of the new trial date from a source other than notice by respondent.

[3] At argument, appellant maintained that the motion to dismiss was untimely. (See Cal. Rules of Court, rule 373(a).) This argument was not made below and cannot be raised for the first time on appeal.

■ "The critical factor in applying these exceptions to a given factual situation is whether the plaintiff exercised reasonable diligence in prosecuting his or her case. [¶] The 'reasonable diligence' standard is an appropriate guideline for evaluating whether it was impossible, impracticable, or futile for the plaintiff to comply with [the five-year statute] due to causes beyond his or her control. [Citation.]" (*Moran* v. *Superior Court* (1983) 35 Cal.3d 229, 238 [197 Cal.Rptr. 546, 673 P.2d 216]; *Santa Monica Hospital Medical Center* v. *Superior Court* (1988) 203 Cal.App.3d 1026, 1030 [250 Cal.Rptr. 384].)

The exercise of reasonable diligence requires a plaintiff to " 'keep track of the pertinent dates which are crucial to maintenance of his lawsuit, and to see that the action is brought to trial within the five-year period.' " (*Taylor* v. *Hayes* (1988) 199 Cal.App.3d 1407, 1410 [245 Cal.Rptr. 613], quoting *Singelyn* v. *Superior Court* (1976) 62 Cal.App.3d 972, 975 [133 Cal.Rptr. 486].) The failure to monitor these dates does not constitute a cause beyond the plaintiff's control so as to trigger application of the impossible, impracticable or futile exceptions. (*Sizemore* v. *Tri-City Lincoln Mercury, Inc.* (1987) 190 Cal.App.3d 84, 89 [235 Cal.Rptr. 243] [plaintiff's miscalculation of time results in setting of trial date beyond five-year period]; *Hill* v. *Bingham* (1986) 181 Cal.App.3d 1, 10 [225 Cal.Rptr. 905] [plaintiff fails to notify court of impending expiration of five-year period and acquiesces to trial date beyond the five-year mark]; *Taylor* v. *Hayes, supra,* 199 Cal.App.3d at p. 1411 [same].)

■ In the case before us, appellant simply neglected to keep track of time as the five-year period came to a close. His attempts to shift the blame onto respondent for failing to provide notice of the continued trial date are unavailing. It was appellant, after all, who requested the continuance. The exercise of reasonable diligence required his counsel to make some independent effort to determine whether the continuance had been obtained and, if so, to what date. This would have entailed no more than a telephone call to respondent's attorney or the clerk of the court. The failure to make this minimal effort constitutes lack of diligence, does not involve circumstances beyond appellant's control, and certainly does not rise to the level of impossibility, impracticability or futility.[4]

## II

■ Appellant seeks relief under section 473 from his failure to bring this action to trial within five years. This section permits relief from a judgment

---

[4]Indeed, in his opening brief, appellant concedes that he did not argue below "that it was impracticable, futile or impossible [*sic*] to bring his case to trial."

or order taken by mistake, inadvertence, surprise or excusable neglect. We conclude, as did the trial court, that section 473 is not applicable to appellant's situation.

Section 473 enables a plaintiff who has failed to oppose a motion to dismiss through mistake, inadvertence, surprise or excusable neglect to file a belated opposition to such motion. Section 473 does not provide additional grounds for relief from failure to bring an action to trial within five years. The cases reflect that this has always been the accepted relationship between section 473 and the various statutes permitting dismissal for lack of prosecution.

In *Stephens* v. *Baker & Baker Roofing Co.* (1955) 130 Cal.App.2d 765 [280 P.2d 39], plaintiff filed a motion to advance the trial date after unsuccessfully attempting to secure a stipulated trial date from defendants. Defendants then filed a motion to dismiss. The motion to advance was granted and a trial date set. The motion to dismiss was continued. Thinking that the motion to dismiss would be taken off calendar because a trial date had been set, plaintiff's attorney neglected to prepare an opposition. To his surprise, the motion to dismiss was granted.

After the order of dismissal was entered, plaintiff moved for relief under section 473. Plaintiff sought to, and did, controvert the merits of defendants' motion by showing the falsity of defendants' assertion that due to delay in prosecution its key defense witness had died. Plaintiff also contested the return, to defendants, of certain money which had been held by the court pending resolution of the suit. The order of dismissal was vacated. Defendants appealed. The Court of Appeal affirmed vacation of the dismissal.

The court explained that the purpose of section 473 "is to give a party the opportunity of *repairing the damage done because of his failure or that of his counsel to make the showing he could have made,* provided, of course, that that failure is due either to mistake, inadvertence, surprise or excusable neglect." (*Stephens* v. *Baker & Baker Roofing Co., supra,* 130 Cal.App.2d at p. 771, italics added.)

In short, *Stephens* approved of the use of section 473 to set aside dismissals for the limited purpose of allowing the plaintiff to then make a belated showing in opposition to the motion to dismiss. The case does not stand for the proposition that section 473 provides additional grounds with which to oppose a motion to dismiss in the first instance.

Similarly, in *Bergloff* v. *Reynolds* (1960) 181 Cal.App.2d 349 [5 Cal.Rptr. 461], defendant filed a motion to dismiss under the statute permitting

discretionary dismissal for failure to prosecute within two years. The basis of the motion was defendant's assertion that the plaintiff was no longer available for trial. In fact, the plaintiff was available, though out of the state. The attorney sent to oppose the motion was misinformed and believed that plaintiff was out of the country. The motion to dismiss was granted. Plaintiff then successfully moved to vacate the order of dismissal. Defendant appealed. The Court of Appeal affirmed.

The court said: "An order dismissing an action for lack of prosecution may be set aside pursuant to a motion under section 473 . . . if the motion is timely made and has the necessary factual support. [Citation.]" (*Bergloff* v. *Reynolds, supra,* 181 Cal.App.2d at p. 355, citing *Stephens* v. *Baker & Baker Roofing Co., supra,* 130 Cal.App.2d 765.) Quoting *Stephens* (at p. 771), the court reiterated that the purpose of such motion is "to give a party the opportunity of repairing the damage done . . . ." (*Bergloff* v. *Reynolds, supra,* at p. 355.)

The court concluded that recourse to section 473 was proper because the plaintiff had not had the opportunity to fully set forth the grounds of his opposition to the motion to dismiss. (*Bergloff* v. *Reynolds, supra,* 181 Cal.App.2d at p. 355.) Significantly, the court stated that once the order of dismissal had been vacated and set aside, "the court treated the defendant's motion to dismiss for lack of prosecution as being again before it. The motion was then denied." (*Bergloff* v. *Reynolds, supra,* at p. 359.) Thus, what was implicit in *Stephens* is explicit in *Bergloff*: section 473 does not in and of itself provide grounds for denial of a motion to dismiss, but only allows setting aside the order of dismissal to reach the merits of the motion.

This relationship between section 473 and motions to dismiss was again made clear in *San Francisco Lathing, Inc.* v. *Superior Court* (1969) 271 Cal.App.2d 78 [76 Cal.Rptr. 304]. Here, defendants were served with the complaint one day short of three years from the filing of the complaint. Defendants then moved for dismissal for lack of prosecution. They averred that plaintiff and his counsel were aware of defendants' address and that defendants had been consistently available for service of process. Plaintiff's counsel sought to explain the delay in service on the grounds that the plaintiff had left the country shortly after the complaint was filed and, by implication, had been unavailable to prosecute the action during the three-year period.

Defendants' motion to dismiss was granted. Plaintiff moved for reconsideration. He supported the motion with his declaration which in substance confirmed the earlier declaration of his attorney, that he had been absent from the country during the relevant period. The dismissal was vacated.

Defendants sought relief from the Court of Appeal by way of writ. The writ was granted.

Citing the *Stephens* and *Bergloff* cases, the court acknowledged that a motion under section 473 was available to set aside a dismissal if timely and based upon the necessary factual support. (*San Francisco Lathing, Inc.* v. *Superior Court, supra,* 271 Cal.App.2d at p. 82.) The court rejected use of the motion in the situation before it, however, because plaintiff's declaration "was merely an attempt to make a more complete showing as to why the action was not diligently prosecuted and did not purport to establish that, because of either mistake, inadvertence, surprise or excusable neglect, plaintiff or his counsel had failed to make the showing that could have been made in opposing the motion to dismiss." (*Id.,* at p. 83.)

It is clear from these cases that section 473 does not provide grounds to oppose a motion to dismiss. A motion under section 473 may only be brought when dismissal has already been granted, and for the limited purpose of belatedly contesting the dismissal motion on its merits.

Appellant relies on dictum in *Martin* v. *Cook* (1977) 68 Cal.App.3d 799 [137 Cal.Rptr. 434], to the effect that "[a] proceeding pursuant to Code of Civil Procedure section 473 in opposition to a motion to dismiss is proper and may be heard and considered contemporaneously with the motion to dismiss for lack of prosecution. [Citation.]" (*Martin* v. *Cook, supra,* at p. 804, fn. 3.) We must reject this as an erroneous statement of the law.

In *Martin,* defendant moved to dismiss under the five-year statute.[5] Contemporaneously, plaintiff filed a motion for relief under section 473 in which he claimed that a stipulation entered between the parties to waive application of the two-year dismissal statute was actually meant to apply to the five-year statute. The trial court granted the motion for relief and denied the motion for dismissal. On appeal from the subsequent judgment, the reviewing court reversed, concluding that the failure of plaintiff's attorney to have properly read and understood the stipulation constituted inexcusable neglect. (68 Cal.App.3d at p. 810.)

The court's sole reference to the propriety of plaintiff's section 473 motion appears in the footnote quoted above. The court supported its assertion that such a motion may be brought contemporaneously with the motion to dismiss with a citation to *Bergloff* v. *Reynolds, supra,* 181 Cal.App.2d 349. *Bergloff,* as we have seen, does not support the claim. Moreover, the court

---

[5] As it then existed, the five-year statute did not contain the impossibility, impracticability or futility exceptions.

in *Martin* did not discuss impossibility, impracticability or futility even though they had long been established as judicially created exceptions to the five-year statute. (See, e.g., *Wyoming Pacific Oil Co.* v. *Preston* (1958) 50 Cal.2d 736, 740 [329 P.2d 489].) Indeed, *Martin* offered no analysis at all to support its conclusion and, based upon our review of the relevant case law, the conclusion is unsupportable.

Were we to follow *Martin* we would be expanding the exceptions to the five-year statute to include section 473's grounds of mistake, inadvertence, surprise or excusable neglect as reasons to excuse a plaintiff's compliance with the five-year statute. There is no evidence that the Legislature intended this result.

There is a vast difference between the exceptions in section 583.340, subdivision (c) and the grounds set forth in section 473. As pointed out in part I of this opinion, the impossibility, impracticability and futility exceptions contemplate circumstances beyond a plaintiff's control. (*Moran* v. *Superior Court, supra,* 35 Cal.3d at p. 238.) The grounds set forth in section 473 do not contemplate such extreme circumstances but are directed essentially to pardonable human error.

Inasmuch as section 473 does not provide grounds to oppose a motion to dismiss under the five-year statute, the trial court properly refused to grant appellant relief under this section.

### III

■ Appellant also opposed the motion to dismiss based on principles of waiver and estoppel. These are permissible grounds for opposing such motions. (§ 583.140.) The court below, however, impliedly rejected these contentions.

Appellant's factual predicate for application of both these principles is the same; he charges respondent with failing to notify him of the continued trial date and of failing to appear for trial. Neither of these omissions constitutes waiver nor estoppel in the present case.

■ "Waiver is a voluntary relinquishment, expressly or impliedly, of a known right and depends upon the intention of one party only." (*Morgan* v. *International Aviation Underwriters, Inc.* (1967) 250 Cal.App.2d 176, 180 [58 Cal.Rptr. 164].) ■ We cannot imply from respondent's failure to notify appellant of the continued trial date a waiver of his right to assert the five-year statute. Nor can such a waiver be implied by his failure to appear for trial. In this situation, a waiver would only have occurred if respondent

had in some manner consented to a trial date beyond the five-year mark. Respondent, clearly, did not.

■ Under the doctrine of estoppel, " 'a person may not lull another into a false sense of security by conduct causing the latter to forebear to do something which he otherwise would have done and then take advantage of the inaction caused by his own conduct.' [Citations.]" (*Tresway Aero, Inc.* v. *Superior Court* (1971) 5 Cal.3d 431, 437-438 [96 Cal.Rptr. 571, 487 P.2d 1211], quoting *Lovett* v. *Point Loma Development Corp.* (1968) 266 Cal.App.2d 70, 75 [71 Cal.Rptr. 709].)

■ Appellant cannot plausibly claim to have been lulled into a false sense of security by either of respondent's omissions. While it is true that respondent neglected to give notice of the continued trial date, this does not obliterate the failure of appellant's counsel to determine whether the continuance which he requested had been granted. Under these circumstances, estoppel simply does not apply.

## IV

■ Finally, appellant challenges the trial court's denial of appellant's motion to reconsider under section 1008. Section 1008 allows such motions to reconsider provided they are based "upon an alleged different state of facts . . . ." (§ 1008, subd. (a).) This language has been authoritatively interpreted to mean " 'newly discovered evidence . . . which [the moving party] could not, with reasonable diligence,' " have previously discovered and produced. (*Blue Mountain Development Co.* v. *Carville* (1982) 132 Cal.App.3d 1005, 1013 [183 Cal.Rptr. 594].) The court below rejected appellant's motion for failure to meet this standard. The motion was properly rejected.[6]

The judgment is affirmed. Respondent to recover costs.

McClosky, J., and Goertzen, J., concurred.

---

[6] Appellant's unsupported challenge to the dismissal statutes as unconstitutional as applied to him is without merit. The alleged absence of notice of the trial date is attributable to his own inexcusable inaction. This is not, therefore, a due process issue.