[No. C018729. Third Dist. May 22, 1995.]

TIMOTHY P. PELTIER, Plaintiff and Appellant, v.
McCLOUD RIVER RAILROAD COMPANY, Defendant and Respondent.

COUNSEL

E. Elizabeth Summers, Elliot L. Bien, Hildebrand, McLeod & Nelson and Anthony S. Petru for Plaintiff and Appellant.

Moss & Enochian, Steven R. Enochian and Mark D. Norcross for Defendant and Respondent.

## OPINION

**SIMS, Acting P. J.**—The trial court dismissed plaintiff Timothy P. Peltier's personal injury suit for failure to bring the case to trial within three years (Code Civ. Proc., § 583.410; all further undesignated section references are to this code). He moved for relief under section 473, asserting that his attorney's decision not to move the case forward until plaintiff's condition had stabilized constituted mistake or neglect within the meaning of that provision. Denied relief in the trial court, he makes the same contention here. We shall affirm.

### BACKGROUND

On June 28, 1990, plaintiff filed an action against defendant McCloud River Railroad Company seeking damages for work-related injuries under the Federal Employers' Liability Act (45 U.S.C. § 51 et seq.). Defendant answered the complaint on October 11, 1990. Discovery ensued, and defendant took plaintiff's deposition on April 5, 1991. Plaintiff took no further action to move the case forward for 22 months.

On March 4, 1993, plaintiff filed an at-issue memorandum and a certificate of readiness for trial. However, following plaintiff's failure to file a pretrial conference statement as ordered by the trial court, the matter was dropped from the calendar.

On July 15, 1993, defendant moved to dismiss the case for failure to bring to trial within three years.

On August 18, 1993, plaintiff filed opposition to the motion. His counsel asserted that he had not moved the case forward faster because plaintiff's condition had deteriorated following his deposition in April 1991, rendering his ultimate damages uncertain, and that his condition had remained unstable from then on, even after counsel filed the at-issue memorandum in April 1993.

Following defendant's response, the trial court entered a minute order dismissing the complaint on September 8, 1993. A formal order ensued on September 29, 1993.

On September 18, 1993, counsel moved for reconsideration under section 1008, asserting that he had been unable to obtain an expert opinion as to causation until April 29, 1992. Following defendant's opposition to the motion, on October 27, 1993, the trial court denied the motion on the ground that it failed to state new or different facts as required by section 1008.

On November 8, 1993, plaintiff filed a notice of appeal from the order of dismissal and the order denying reconsideration. On December 20, 1993, however, after retaining new counsel, he abandoned this appeal and moved to vacate the dismissal under section 473.[1]

Plaintiff's section 473 motion argued that the dismissal of his case stemmed from the mistake or neglect of counsel because his former attorney had allegedly failed to move the case forward due to a mistaken legal strategy. If the trial court believed the attorney's explanation of his strategy in his opposition to the dismissal motion but found it legally insufficient, this proved "mistake," while if the court suspected that this strategy was not the real reason for the delay (as defendant had argued), the court in effect found "neglect."

In support of his motion plaintiff submitted a declaration from his former attorney, who averred that whether or not the trial court had believed his

---

[1]Section 473 provides as relevant: "Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any . . . resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect. . . . However, this section shall not lengthen the time within which an action shall be brought to trial pursuant to Section 583.310."

The references to dismissals and to section 583.310, the five-year mandatory dismissal statute, were added by amendment in 1992. (Stats. 1992, ch. 876, § 4.)

explanation of his strategy "the decision to proceed at the pace and as plaintiff did [*sic*] was solely mine."

Following opposition, the trial court issued an order denying the motion on May 5, 1994.

Plaintiff filed a notice of appeal from the order denying his motion to vacate the dismissal of the action.

## DISCUSSION

## I

■ Before reaching the merits of plaintiff's arguments concerning section 473, we must address defendant's contention that the order denying the section 473 motion is not appealable. As will appear, this contention lacks merit.

More than 30 years ago, in *Daley* v. *County of Butte* (1964) 227 Cal.App.2d 380 [38 Cal.Rptr. 693], this court had occasion to determine whether the denial of a section 473 motion, seeking to set aside a discretionary dismissal, was appealable. Concluding the order was appealable, we said, "As a general rule, such an order is not appealable. [Citations.] The theory is that a plaintiff may not utilize an appeal from an order refusing to vacate as an indirect means of attacking an appealable order of dismissal. [¶] A party seeking under section 473 to relieve himself of a dismissal injects into the case new elements of mistake, inadvertence, surprise and excusable neglect. Newly revealed facts, or the hitherto unrevealed impact of known facts, may demonstrate that the moving party was effectually deprived of a meaningful opportunity to defend against the original motion. The newly revealed circumstances may also persuade the trial court that the dismissal should not have been ordered, that it would not have been ordered had the plaintiff an opportunity to present the circumstances to the court in the first instance. Thus, the discretion of the trial court in disposing of the motion to vacate will be affected or controlled by facts not before it on the original hearing [citation]; and the action of the appellate court will be based upon a record not available to the plaintiff had he appealed from the dismissal itself." (*Daley* v. *County of Butte, supra,* 227 Cal.App.2d at pp. 388-389.)

Here, plaintiff introduced new evidence on the motion to vacate, to wit, counsel's declaration for the first time taking full responsibility for the delay in prosecution of the case. Moreover, for the first time, plaintiff tendered the argument that section 473 itself operated so as to compel setting aside of the

dismissal. This latter ground tendered a "hitherto unrevealed impact of known facts." (*Daley* v. *County of Butte*, *supra*, 227 Cal.App.2d at p. 388.) In short, under *Daley*, the order denying the motion to vacate the dismissal is appealable.

Defendant asserts, however, that our Supreme Court has recently held that orders denying section 473 motions are not directly appealable and may be reviewed only on appeal from the underlying judgment. (*Rappleyea* v. *Campbell* (1994) 8 Cal.4th 975, 981 [35 Cal.Rptr.2d 669, 884 P.2d 126].) Noting that plaintiff abandoned his appeal from the judgment of dismissal, defendant concludes that since there is no appeal from the underlying judgment before us *Rappleyea* bars us from entertaining plaintiff's appeal from the order denying his section 473 motion. Defendant reads *Rappleyea* too broadly.

In the passage defendant relies on, the Supreme Court states: "[T]he order denying the motion to vacate *the default* is not independently appealable. . . . However, there is authority for the view that it may be reviewed on an appeal from the judgment . . . ." (*Rappleyea* v. *Campbell*, *supra*, 8 Cal.4th at p. 981, citations omitted, italics added.) As the court's recital of the facts makes clear, defendants' "motion for relief from default" responded to the court clerk's entry of default, not to a default judgment. (*Id.* at p. 980.) The clerk's entry of default is a ministerial act which precedes the actual judgment. (§ 585, subds. (a), (b).) Because it is not a judgment, an appeal from it will not lie. (*Jade K.* v. *Viguri* (1989) 210 Cal.App.3d 1459, 1465-1466 [258 Cal.Rptr. 907].) By contrast, an order of dismissal, like a default judgment, is a judgment for purposes of appeal. (§ 581d.) Thus, *Rappleyea*'s holding applies only to section 473 motions which seek relief from the ministerial act of entry of default, not from default judgments or orders of dismissal. (See also *Jade K.* v. *Viguri*, *supra*, 210 Cal.App.3d at p. 1465.)

We conclude the order denying plaintiff's motion to vacate is appealable. (*Daley* v. *County of Butte*, *supra*, 227 Cal.App.2d at pp. 388-389.)

II

█ Since its amendment in 1992, section 473 has provided that a plaintiff is entitled to relief from "any . . . dismissal" if he files a timely motion for relief in proper form alleging the dismissal was caused by attorney "mistake, inadvertence, surprise, or neglect" and supports the motion with an affidavit by his attorney (or former attorney, as here) so attesting, unless the trial court finds that the dismissal was not in fact so

caused. (See fn. 1, *ante*.) However, when the Legislature amended section 473 to include this provision, it left the discretionary dismissal statutes (§ 583.410 et seq.) intact. Under these statutes, the trial court may dismiss an action for failure to serve the complaint within two years or to bring the case to trial within three years (§ 583.420, subd. (a)), exercising its discretion according to the criteria prescribed by the Judicial Council. (§ 583.410, subd. (b); Cal. Rules of Court, rule 373(e).)

In our experience, nearly every discretionary dismissal is caused by the mistake, inadvertence or neglect of the plaintiff's attorney. Thus, although section 473 does not directly conflict with the discretionary dismissal statutes, its literal terms suggest that the vast majority of plaintiffs whose actions are dismissed under section 583.410 et seq., on account of attorney neglect, may obtain mandatory relief from dismissal by filing an appropriate motion under section 473.[2] If so, then section 473 in effect nearly nullifies the discretionary dismissal statutes, as few dismissals entered thereunder would ever assuredly be final.

■ We must harmonize statutes dealing with the same subject if possible (*Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1387 [241 Cal.Rptr. 67, 743 P.2d 1323]) and avoid interpreting a statute in a way which renders another statute nugatory. (*People* v. *Craft* (1986) 41 Cal.3d 554, 561 [224 Cal.Rptr. 626, 715 P.2d 585].) " '[T]he "plain meaning" rule does not prohibit a court from determining whether the literal meaning of a statute comports with its purpose or whether such a construction of one provision is consistent with other provisions of the statute. The meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible. [Citation.] Literal construction should not prevail if it is contrary to the legislative intent apparent in the statute. The intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act.' [Citation.]" (*People* v. *King* (1993) 5 Cal.4th 59, 69 [19 Cal.Rptr.2d 233, 851 P.2d 27], quoting *Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].) ■ Therefore we cannot construe section 473 literally if there is any other reasonable interpretation which would give effect to the Legislature's apparent purpose in enacting the 1992 amendment.

---

[2]Moreover, the fact that the 1992 amendment to section 473 contained a specific exclusion for mandatory dismissals under the five-year rule (§ 583.310) appears to strengthen the inference that the Legislature meant to include all discretionary dismissals within the scope of the amended statute, on the principle *inclusio unius est exclusio alterius*. So plaintiff argues, at any rate. As will appear, we reject this inference because we cannot agree with plaintiff that the literal terms of section 473 control.

Since the trial court ruled on plaintiff's section 473 motion in this case, two appellate courts have considered this question: Division Three of the Fourth District (*Tustin Plaza Partnership* v. *Wehage* (1994) 27 Cal.App.4th 1557 [33 Cal.Rptr.2d 366] [in dicta]) and Division Six of the Second District (*Graham* v. *Beers* (1994) 30 Cal.App.4th 1656 [36 Cal.Rptr.2d 765]). Both courts rejected a literal interpretation of section 473 and found a way to construe it so as to harmonize it with the discretionary dismissal statutes. According to the majority in *Tustin* and the unanimous court in ·*Graham*, when the Legislature incorporated dismissals into section 473 it intended to reach only those dismissals which occur through failure to oppose a dismissal motion—the only dismissals which are procedurally equivalent to a default. (*Graham, supra*, 30 Cal.App.4th at pp. 1660-1661; *Tustin, supra*, 27 Cal.App.4th at pp. 1565-1566.) For reasons that follow, we adopt this interpretation of section 473 and reject plaintiff's literal reading of the statute.

*Tustin and Graham.*

In *Tustin, supra*, the majority noted that by failing to amend the discretionary dismissal statutes and their references to the California Rules of Court at the same time it amended section 473, ". . . the Legislature left the trial court's discretion undisturbed in determining whether attorney neglect excuses the delay [in bringing a case to trial]." (*Tustin Plaza Partnership* v. *Wehage, supra*, 27 Cal.App.4th at p. 1564.) The majority concluded that the Legislature thus intended to set in place "two different standards . . . in evaluating attorney neglect: discretion pursuant to California Rules of Court formulae for section 583.410 determinations of whether to grant a dismissal, and a no-questions-asked policy for relief from default or dismissal under section 473." (*Ibid.*) This result made sense, according to the majority, because "[a] rule allowing attorney neglect to *automatically* excuse delay would totally undermine the public policies underlying section 583.410 . . . ." (*Ibid.*, italics in original.) Therefore, in the majority's view, the new language of section 473 can apply only to cases where a motion for dismissal was originally unopposed: a motion for relief accompanied by an attorney affidavit attesting to mistake or neglect in failing to oppose the motion would automatically entitle the plaintiff to "a chance to *respond* to an otherwise unopposed [motion] for dismissal[,]" like that which a defendant who had defaulted by failing to respond to an action had already been able to obtain under section 473.[3] (*Tustin, supra*, 27 Cal.App.4th at pp. 1565-1566, italics in original; see *Williams* v. *Los Angeles Unified School Dist.* (1994) 23

---

[3]A concurring and dissenting justice not only pointed out that the majority's discussion was dictum (since the appellant had failed to raise the issue below), but disagreed with the majority's analysis of section 473. He concluded by accusing his colleagues of indulging in

Cal.App.4th 84, 105 [28 Cal.Rptr.2d 219]; *Wilcox* v. *Ford* (1988) 206 Cal.App.3d 1170, 1176 [254 Cal.Rptr. 138].)

In *Graham*, *supra*, the effect of the 1992 amendment to section 473 was squarely before the court: as here, the dismissed plaintiff moved for relief under the statute and submitted an affidavit in which his attorney called a misguided decision to delay prosecution "mistake or neglect." (*Graham* v. *Beers*, *supra*, 30 Cal.App.4th at pp. 1659-1660.) To resolve the issue the court cited the *Tustin* majority's "forceful dicta" with approval and adopted its reasoning. (*Graham*, *supra*, 30 Cal.App.4th at pp. 1660-1661.) Acknowledging that the unqualified reference to mandatory relief from "any . . . dismissal" in section 473 as amended presents a "troubling" facial conflict with section 583.410, the court used the constructional rule that statutes relating to the same subject must be harmonized if possible, giving consideration to the consequences of a particular interpretation (*Dyna-Med, Inc.* v. *Fair Employment & Housing Com.*, *supra*, 43 Cal.3d at p. 1387), as a tie-breaker. Like the *Tustin* majority, the *Graham* court concluded that the consequence of construing amended section 473 literally—the effective abrogation of the discretionary dismissal statutes—would be absurd and intolerable: "[T]he Legislature cannot have intended section 473 to be the perfect escape hatch from the dismissal statutes." (*Graham*, *supra*, 30 Cal.App.4th at p. 1661.) As the court also put it: "If the Legislature had intended to abrogate section 583.410 through its enactment of the amendments to section 473, it would have said so." (*Ibid.*)

*Section 473 and its relevant legislative history.*

Plaintiff contends that the *Tustin-Graham* analysis errs because it disregards both the plain language of section 473 and its legislative history—not only that of the 1992 amendment to section 473 but also that of the prior amendment which made relief from default judgments mandatory on a sufficient showing of an attorney's mistake, inadvertence, surprise, or neglect.[4] (Stats. 1988, ch. 1131, § 1, p. 3630.) According to plaintiff, the history of these amendments taken together reveals a clear legislative intent, consistent with the express terms of current section 473, to put all dismissed

---

the form of "judicial eagerness" characterized by Witkin as "Have opinion, need case." (*Tustin Plaza Partnership* v. *Wehage*, *supra*, 27 Cal.App.4th at p. 1567 (conc. and dis. opn. of Wallin, J.).)

[4]Plaintiff characterizes the analysis in *Tustin* and *Graham* as "result-driven," somehow inspired by those courts' "evident fealty to discretionary dismissals." This is wrong. Nothing in *Tustin* or *Graham* reveals an irrational determination to preserve discretionary dismissals at all costs; rather, the courts in those cases applied well-settled canons of statutory construction to the task of attempting to reconcile an apparent conflict between statutes so as to give effect to each.

plaintiffs—not only those who fail to oppose dismissal motions—on an equal footing with defaulted defendants. We are unpersuaded.

To the extent plaintiff's argument rests on the literal terms of section 473 standing alone, it fails because we may not consider the statute in isolation, but must harmonize it if possible with the other statutes relating to dismissals, considering the possible consequences of any particular interpretation. (*Dyna-Med, Inc.* v. *Fair Employment & Housing Com. supra*, 43 Cal.3d at p. 1387.) To the extent plaintiff's argument rests on legislative history, we find nothing in the cognizable history which compels plaintiff's interpretation of the legislative intent underlying the 1992 amendment to section 473.[5] Absent compelling grounds in the plain language of the relevant statutes read together or in the legislative history of section 473, we refuse to draw the conclusion urged by plaintiff that the 1992 amendment to section 473 has effectively wiped section 583.410 off the books. Instead, like the *Tustin* majority and the unanimous court in *Graham*, we construe section 473 so as to give effect to the legislative purpose of treating dismissed plaintiffs and defaulted defendants equally, so far as is consistent with the operation of the discretionary dismissal statutes.

The cognizable legislative history of the 1988 and 1992 amendments to section 473 which plaintiff calls to our attention shows the following:

1. The report of the Assembly Committee on Judiciary on the proposed 1988 amendment to section 473 (Sen. Bill No. 1975) explains that under existing law, where relief from default on a showing of mistake, surprise, inadvertence, or neglect was discretionary, trial courts had apparently become reluctant to grant such equitable relief due to increased caseloads. Therefore, in order to protect parties who were defaulted because of "an attorney's indiscretion" rather than any fault of their own, the amendment would make relief mandatory. (Assem. Com. on Judiciary, Analysis of Sen. Bill No. 1975 (1987-1988 Reg. Sess.) as amended Aug. 1, 1988.)

2. The Legislative Counsel's Digest of Senate Bill No. 1975 as passed by the Senate (Aug. 23, 1988) describes it as effecting a "[s]ubstantial substantive change."

---

[5] In successive requests for judicial notice, plaintiff has sought notice of numerous exhibits pertaining to the legislative history of the 1988 and 1992 amendments to section 473. We grant judicial notice as to three of these documents: the report of the Assembly Committee on Judiciary dated May 4, 1992, concerning the proposed 1992 amendment (Assem. Bill No. 3296 (1991-1992 Reg. Sess.), the report of the same committee dated August 9, 1988, concerning the proposed 1988 amendment (Sen. Bill No. 1975 (1987-1988 Reg. Sess.), and the Legislative Counsel's Digest of the 1988 amendment as passed by the Senate (Aug. 8, 1988). To the extent plaintiff's discussion of legislative history incorporates documents as to which we have denied judicial notice, we disregard it.

3. The report of the Assembly Committee on Judiciary on the proposed 1992 amendment to section 473 states that the bill containing the amendment (Assem. Bill No. 3296) is the committee's omnibus civil practice bill; like its predecessor in the 1991 session, this omnibus bill consolidates "[n]oncontroversial proposals and bills in the area of civil procedure and practice[.]" (Assem. Com. on Judiciary, Analysis of Assem. Bill No. 3296 (1991-1992 Reg. Sess.) as amended May 4, 1992.) It explains that as to section 473 the bill "[g]rants plaintiffs mandatory relief if their case is dismissed as a result of their attorney's [*sic*] neglect, mistake, surprise or inadvertence." (*Ibid.*) Finally, it notes: "The State Bar is the source of [this] provision . . . . The Bar states that it is illogical and arbitrary to allow mandatory relief for defendants when a default judgment has been entered against them due to defense counsel's mistakes and to not provide comparable relief to plaintiffs whose cases are dismissed for the same reason." (*Id.* at p. 2.) The report says nothing about any possible effect of the amendment on the discretionary dismissal statutes.

According to plaintiff, these documents show that the Legislature intended in 1992 to grant across-the-board relief to all dismissed plaintiffs, just as it had done in 1988 for defaulted defendants. We cannot agree.

It is true that, like the 1992 amendment to section 473 itself, the description of that amendment in the 1992 Judiciary Committee report contains no language facially restricting relief to only a subset of dismissed plaintiffs (e.g., those who have failed to oppose a dismissal motion). It is also true, however, that the report terms all changes made by Assembly Bill No. 3296 "noncontroversial." We cannot imagine that the Judiciary Committee would have considered a proposal to abrogate the discretionary dismissal statutes "noncontroversial" if the committee had understood that the proposal would have this effect. Thus it is a reasonable inference that the committee, and by extension the Legislature, did not so understand the proposal.

■ We note that the State Bar's view of the meaning of proposed legislation, even if it authored that legislation, is not an index of legislative intent. (See *Lungren* v. *Deukmejian, supra,* 45 Cal.3d at p. 742; *California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 700-702 [170 Cal.Rptr. 817, 621 P.2d 856].)

■ But even assuming the State Bar's views are cognizable legislative history, they do not detract from our analysis. Under our reading of amended section 473, a plaintiff seeking relief is granted "comparable" relief to that obtained by a defaulting defendant. Thus, a default judgment is entered when a defendant fails to appear, and, under section 473, relief is afforded where

the failure to appear is the fault of counsel. Similarly, under our view of the statute, a dismissal may be entered where a plaintiff fails to appear in opposition to a dismissal motion, and relief is afforded where that failure to appear is the fault of counsel. The relief afforded to a dismissed plaintiff by our reading of the statute is therefore comparable to the relief afforded a defaulting defendant.

Furthermore, a long line of authority prior to the 1992 amendment had construed section 473 with respect to dismissals as a provision for relief to plaintiffs who excused their failure to oppose dismissal motions on the ground of mistake, surprise, inadvertence, or neglect, not as a detour around the dismissal statutes. As explained in *Wilcox, supra,* an opinion relied on in both *Tustin* and *Graham*: "Section 473 enables a plaintiff who has failed to oppose a motion to dismiss through mistake, inadvertence, surprise or . . . neglect to file a belated opposition to such motion. *Section 473 does not provide additional grounds for relief from failure to bring an action to trial within five years. The cases reflect that this has always been the accepted relationship between section 473 and the various statutes permitting dismissal for lack of prosecution.*" (*Wilcox* v. *Ford, supra,* 206 Cal.App.3d at p. 1176, italics added; see also *San Francisco Lathing, Inc.* v. *Superior Court* (1969) 271 Cal.App.2d 78, 82-83 [76 Cal.Rptr. 304]; *Bergloff* v. *Reynolds* (1960) 181 Cal.App.2d 349, 355 [5 Cal.Rptr. 461]; *Stephens* v. *Baker & Baker Roofing Co.* (1955) 130 Cal.App.2d 765, 771 [280 P.2d 39]; but see *Martin* v. *Cook* (1977) 68 Cal.App.3d 799, 810 [137 Cal.Rptr. 434].) Had the Legislature intended to abrogate these holdings, we must presume it would have said so expressly.[6] ■ "When a statute has been construed by the courts, and the Legislature thereafter reenacts that statute without changing the interpretation put on that statute by the courts, the Legislature is presumed to have been aware of, and acquiesced in, the courts' construction of that statute." (*People* v. *Bouzas* (1991) 53 Cal.3d 467, 475 [279 Cal.Rptr. 847, 807 P.2d 1076].)[7]

■ Moreover, the repeal or abrogation of statutes by implication is disfavored, as is any construction of a statute which would render related

---

[6] In his reply brief plaintiff calls the language in *Wilcox* v. *Ford, supra,* 206 Cal.App.3d 1170, as to the dismissal statutes aside from section 583.310 dictum; he also questions its correctness. In addition, he seeks to show that the authorities cited in *Wilcox* on this point do not support *Wilcox*'s conclusion with respect to the discretionary dismissal statutes. Regardless of the merits of these belatedly raised contentions, they do not affect our point that the Legislature is presumed to have been aware of *Wilcox* and the cases cited therein, yet did not expressly reject this line of authority when amending section 473 in 1992.

[7] "Reenactment" of a statute under this rule of construction may include substantive amendments, as the discussion in *Bouzas* itself makes clear. (*People* v. *Bouzas, supra,* 53 Cal.3d at pp. 470-475.)

statutes a nullity. (*People* v. *Bouzas, supra*, 53 Cal.3d at p. 480; *People* v. *Craft, supra*, 41 Cal.3d at p. 561.) ▄▄▄ As we have explained, plaintiff's interpretation of section 473 would in almost all cases render the discretionary dismissal statutes a nullity, since almost every plaintiff whose case was dismissed thereunder could "then jump back into court on a section 473 motion, accompanied by an attorney's affidavit of negligence, and have the case reinstated based on the same facts offered, but discarded, in the hearing on the request to dismiss." (*Tustin Plaza Partnership* v. *Wehage, supra*, 27 Cal.App.4th at p. 1566.) In effect, the discretionary dismissal statutes would be repealed by implication as to all cases where a dismissed plaintiff could obtain such an affidavit. We may not adopt such a construction of section 473 unless compelled to do so. The legislative history cited by plaintiff, which is silent as to the discretionary dismissal statutes, does not compel this construction.

Finally, we note the discretionary dismissal statutes serve important policies. First, these statutes are analogous to statutes of limitation, because they promote the trial of cases before evidence is lost or destroyed or the memory of witnesses becomes dimmed. (*General Motors Corp.* v. *Superior Court* (1966) 65 Cal.2d 88, 91 [52 Cal.Rptr. 460, 416 P.2d 492].) Second, the discretionary dismissal statutes are designed to expedite the administration of justice by compelling every person who files an action to prosecute it with promptness and diligence. (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 332 [216 Cal.Rptr. 718, 703 P.2d 58].) We find nothing in the legislative history of section 473 suggesting the Legislature intended to abandon these important policies.

*Additional considerations.*

1. *"Exceptions" to the automatic-relief rule.*

Anticipating the above line of analysis, plaintiff seeks to deflect it by showing that his interpretation of section 473 would not have such a far-reaching effect; however, his showing is unpersuasive.

First, plaintiff notes that under the current statute cases are still subject to dismissal where the plaintiff fails to seek relief within six months of entry of judgment or where the motion for relief from dismissal is not "in proper form." However, in our view, this is a minuscule class of cases. In the vast majority of cases dismissed on account of attorney neglect, a section 473 motion would be timely made, under plaintiff's construction of the statute.

Second, plaintiff notes that cases where the plaintiff, rather than counsel, was responsible for the delay in bringing the matter to trial are still excepted

from relief. However, once again, in our experience, such cases constitute an insignificant percentage of cases dismissed under the discretionary dismissal statutes.

Thus, contrary to plaintiff's view, his interpretation of section 473 would nearly abrogate the discretionary dismissal statutes.

### 2. *Zellerino* v. *Brown.*

In his reply brief plaintiff asserts for the first time that this court's holding in *Zellerino* v. *Brown* (1991) 235 Cal.App.3d 1097 [1 Cal.Rptr.2d 222] compels rejection of the "narrow" construction of section 473 proposed in *Tustin, supra,* and *Graham, supra,* Because plaintiff failed to make this argument in his opening brief, the contention is waived. (*Neighbours* v. *Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 335, fn. 8 [265 Cal.Rptr. 788].) In any event, it lacks merit.

In *Zellerino* we had to decide whether a party could obtain relief under section 473 for a default in the discovery phase of a civil action due to "mistake, inadvertence, surprise, or . . . neglect," given that the discovery act (§ 2016 et seq.), which "is generally viewed as comprehensive and exclusive" (*Zellerino* v. *Brown, supra,* 235 Cal.App.3d at p. 1104), has its own specified procedures for obtaining relief from default. (See, e.g., §§ 2031, subd. (k), 2034, subd. (k).) In other words, did the specific provisions of the discovery act necessarily prevail over the general provisions of section 473? (235 Cal.App.3d at pp. 1104-1106.) We concluded that relief under section 473 was available to the extent the relief provisions of the discovery act incorporate language similar to that of section 473, but not "when the discovery act provides analogous, if more limited, relief." (235 Cal.App.3d at p. 1107.)

Plaintiff seizes on the following language from *Zellerino*: "To prohibit application of section 473 to discovery matters, [the Legislature] could have expressed in the discovery act that relief under section 473 was unavailable. It did not." (235 Cal.App.3d at p. 1106.) According to plaintiff, this statement constitutes a holding that if the Legislature amends section 473 so as to reach subject matter covered by other statutes and does not expressly exclude them from its scope, section 473 as amended must be deemed to supplant them. We disagree. The quoted statement does not stand for this proposition, which we had no occasion to consider in *Zellerino.* Furthermore, this proposition clashes with the fundamental rule that repeal of statutes by implication is disfavored. (*People* v. *Bouzas, supra,* 53 Cal.3d at p. 480.)

Ultimately, *Zellerino* does not help plaintiff because the analytical problem we faced there differs fundamentally from that we face here. We did not

hold in *Zellerino* that the discovery act had abrogated section 473 to any extent—merely that the discovery act's provisions for relief, as part of a comprehensive and specific statutory scheme, would apply in the discovery context rather than the more general provisions of section 473 where the discovery act's provisions differed materially. The interrelationship of section 473 and the discretionary dismissal statutes poses no such contrast of generality versus specificity: both on their face apply generally to all actions which have been dismissed for failure to serve a complaint within two years or to bring it to trial within three. Rather, as we have explained, the statutes, if construed literally, conflict because a literal application of section 473 to discretionary dismissals would vitiate section 583.410 et seq., depriving orders of dismissal under that statutory scheme of even the semblance of finality. Our analysis in *Zellerino* does not constitute authority for the proposition that we must resolve a facial conflict between statutes in pari materia by deeming one or the other to be abrogated.

### 3. *Policy considerations.*

Lastly, plaintiff suggests a number of policy grounds which might have led the Legislature to prefer granting mandatory relief to plaintiffs dismissed under section 583.410 et seq. rather than preserving the discretionary dismissal scheme as it existed before 1992. Because plaintiff does not derive these supposed policy grounds from the cognizable legislative history of the 1992 amendment to section 473, his argument rests on mere speculation. Therefore we need not consider it.

### 4. *Conclusion.*

We agree with plaintiff that in amending section 473 the Legislature intended in some sense to put dismissed plaintiffs on the same footing with defaulted defendants. However, it is the majority in *Tustin* and the unanimous court in *Graham*, not plaintiff, who have correctly identified the equalization which the Legislature intended: to put plaintiffs whose cases are dismissed for failing to respond to a dismissal motion on the same footing with defendants who are defaulted for failing to respond to an action. (*Graham* v. *Beers, supra,* 30 Cal.App.4th at p. 1661; *Tustin Plaza Partnership* v. *Wehage, supra,* 27 Cal.App.4th at pp. 1565-1566.)[8] Only this interpretation of section 473 succeeds in harmonizing it with the discretionary dismissal statutes and avoids the absurd result of abrogating those statutes by implication.

---

[8]Like plaintiff, we think the trial court erred so far as it held the statute applies only to dismissals entered without a hearing. Neither the language of the statute nor authority supports this interpretation; furthermore, it would not effectuate the Legislature's intent as we have described it.

## III

In light of our analysis of section 473, plaintiff's contention that he deserved relief thereunder requires only a brief response. As the trial court pointed out, plaintiff's motion for relief merely restated the evidence and arguments offered in opposing dismissal and in seeking reconsideration of the dismissal order; the only new element was the attorney's claim of mistake or neglect and evidence in support thereof. ▮ To the extent plaintiff's section 473 motion restated and reargued facts and arguments tendered at the original motion to dismiss, his motion was properly denied because, " 'A motion for relief from [dismissal] may not be used to merely amplify or supplement the evidence and argument[s] that were presented in opposition to the original motion to dismiss. [Citation.]' " (*Graham* v. *Beers*, *supra*, 30 Cal.App.4th at p. 1660, quoting *Williams* v. *Los Angeles Unified School Dist.*, *supra*, 23 Cal.App.4th at p. 105 [dictum].) ▮ To the extent plaintiff argued the dismissal had to be set aside, under section 473, because the delay was counsel's fault, for the reasons already stated, such a showing does not state grounds for relief from dismissal under section 583.410.

### DISPOSITION

The judgment is affirmed.

Scotland, J., and Brown, J., concurred.

A petition for a rehearing was denied June 13, 1995, and appellant's petition for review by the Supreme Court was denied August 17, 1995.