I concur in the judgment. I write separately to make a grammatical point.
At issue is the application of the 1992 amendment to subdivision (b) of Code of Civil Procedure section 473 to a voluntary dismissal of the case by the plaintiff. The amendment added the term "dismissal" in pertinent part as follows: "Notwithstanding any other requirements of this section, the court shall [upon application and the attorney's affidavit attesting to his or her mistake etc.], vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal
was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (Italics added.)
The majority reason that the "use of the word `against' [in the phrase "dismissal entered against his or her client"] limits the class of targeted dismissals and makes clear that onlyinvoluntary dismissals are affected." (Maj. opn., ante, at p. 264, original italics.) The argument suffers a grammatical defect.
A voluntary dismissal is "entered against" the client notwithstanding that it is agreed to by the client. However, other language of general application in Code of Civil Procedure section 473 comes to the aid of the argument. It *Page 266 
provides that "[t]he court may . . . relieve a party . . . from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." (Italics added.) The active verb "taken," unlike the term "entered," implies that the adverse action must be involuntary. Since the provision at issue is an exception to this general rule and thereby embraces it, I agree that the exception does not apply to a voluntary dismissal.
I also read the majority opinion as consistent with this court's decision in Peltier v. McCloud River R.R. Co. (1995)34 Cal.App.4th 1809 [41 Cal.Rptr.2d 182], which concludes that the relief afforded a dismissed plaintiff by the 1992 amendment is comparable to the relief afforded a defaulting defendant. Implicit in this conclusion is that the term "default" in the phrase "default judgment or dismissal" modifies "dismissal" as well as "judgment." *Page 267