Filed 10/4/13  Adkins v. EMC Mortgage Corp. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| DORAN ADKINS,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>EMC Mortgage Corporation,<br><br>    Defendant and Respondent. | A135574<br><br>(Contra Costa County<br>Super. Ct. No. MSC1001661) |

Plaintiff Doran Adkins appeals a judgment dismissing his action against defendant and respondent EMC Mortgage Corporation, following the sustaining of its demurrer to his first amended complaint (FAC) without leave to amend.  The essential issue presented is whether plaintiff was entitled to mandatory relief under Code of Civil Procedure section 473, subdivision (b),[1] based on his counsel's failure to file an opposition to the demurrer.  Because mandatory relief does not lie in these circumstances, the trial court properly denied plaintiff's motion for relief under section 473.  The judgment is affirmed.

**FACTUAL AND PROCEDURAL BACKGROUND**

In or around February 2010, plaintiff defaulted on a residential home loan.

On February 19, 2010, a notice of default was recorded.

On May 20, 2012, a notice of trustee's sale in connection with the deed of trust was recorded.

On June 9, 2010, plaintiff filed a complaint against various parties, including defendant.

---

[1]  All further statutory references are to the Code of Civil Procedure.

1

On November 29, 2010, defendant filed a demurrer as to the three claims raised against it in the complaint.

Rather than opposing the demurrer, plaintiff elected to file his FAC on February 1, 2011. The FAC contains a single cause of action against defendant for wrongful foreclosure.

On March 2, 2011, defendant filed a demurrer to the FAC. The demurrer was originally scheduled to be heard on April 27, 2011.

The trial court continued the hearing on the demurrer to August 17, 2011 and then to August 24, 2011. Plaintiff was provided notice of both of those continuances but failed to file an opposition to defendant's demurrer.

On August 24, 2011, the demurrer came on for hearing before the trial court. Both counsel for plaintiff and for defendant were present at the hearing. The court sustained the demurrer without leave to amend.

On September 6, 2011, the court's order sustaining defendant's demurrer without leave to amend was entered.

On September 15, 2011, the trial court issued its judgment of dismissal based on the demurrer.

On September 28, 2011, plaintiff filed a motion to set aside the dismissal on the grounds of attorney fault under section 473. Plaintiff's counsel attached an affidavit admitting that the failure to timely submit an opposition was due to his own neglect.

On November 30, 2011, the trial court denied the motion to set aside. This appeal followed.

## DISCUSSION

Plaintiff contends he was entitled to mandatory relief from the order sustaining the demurrer without leave to amend (and the resulting dismissal), based on counsel's

2

affidavit of fault, and therefore the trial court erred in denying his motion under section 473, subdivision (b).**²**  The argument fails.

The mandatory relief provision of section 473, subdivision (b), based on an attorney's affidavit of fault, requires the court, if certain prerequisites are met, to vacate a "default," a "default judgment," or a "dismissal."  (*English v. IKON Business Solutions, Inc.* (2001) 94 Cal.App.4th 130, 143 (*English*).)  In this context, the word "dismissal" is construed as having a limited meaning, similar to the term "default judgment."  (*Id*. at p. 145.)  In adding the word "dismissal" to the mandatory provision of section 473, subdivision (b),**³** "the Legislature 'intended to *reach only those dismissals which occur through failure to oppose a dismissal motion—the only dismissals which are procedurally equivalent to a default*.' [Citation.]"  (*English*, at p. 145, italics added.)

Various decisions have "construed the word 'dismissal' in the mandatory provision of section 473(b) as having a limited meaning, to prevent that provision 'from being used indiscriminately by plaintiffs' attorneys as a 'perfect escape hatch' [citation] to undo dismissals of civil cases.' [Citation.]  Thus, [courts] have held that the mandatory provision does not apply to:  (1) a dismissal following the sustaining of a demurrer without leave to amend on the ground the statute of limitations had run [citation]; (2) a voluntary dismissal pursuant to a settlement agreement [citation]; and (3) a mandatory dismissal for failure to serve a complaint within three years [citation]."  (*English, supra,* 94 Cal.App.4th at pp. 145–146.)

In the instant case, plaintiff relied on counsel's affidavit of fault to excuse his failure to oppose defendant's demurrer to the FAC.  Because the nature of said proceeding was a demurrer, not a motion for involuntary dismissal, the proceeding was

---

**²**  We give de novo review to applications of this provision.  (*Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 612.)

**³**  In 1992, the Legislature amended section 473 by inserting the word "dismissal" into the mandatory provision of the statute to give plaintiffs some of the mandatory relief that had been available to defendants when a default judgment has been entered against them.  (Stats. 1992, ch. 876, § 4, pp. 4071–4072; see *Peltier v. McCloud River R.R. Co.* (1995) 34 Cal.App.4th 1809, 1819–1820 [discussing legislative history of 1992 amendment].)

not the " 'functional equivalent' " of a default.  (*English, supra*, 94 Cal.App.4th at p. 145.)  We note plaintiff took many substantive steps in this litigation, including the filing of an amended complaint (in response to a prior demurrer), and appearing at the hearing for the demurrer at issue.  At this hearing, the trial court noted that plaintiff had failed to file and opposition *before* it sustained the demurrer without leave to amend.  Counsel thus had the opportunity to argue at the hearing.  Nor did he make any request for permission to file a belated opposition.  Thus, it cannot be said that plaintiff was denied his day in court.[4]  Accordingly, the mandatory relief provision of section 473, subdivision (b), has no application here.

**DISPOSITION**

The order is affirmed.


_____
Dondero, Acting P. J.


We concur:


_____
Banke, J.


_____
Sepulveda, J.[*]

---

[4]  Our Supreme Court has adopted the "lose their day in court" rationale for the mandatory provision of section 473, subdivision (b).  In *Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257, that court held:  "The purpose of this provision 'was to alleviate the hardship on parties who *lose their day in court* due solely to an inexcusable failure to act on the part of their attorneys.'  [Citation.]"

[*]  Retired Associate Justice of the Court of Appeal, First Appellate District, Division Four, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4