Filed 10/23/25  Sanchez v. Prime Healthcare Management CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| CORINNA SANCHEZ, | D084805 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. CIVSB2107944) |
| PRIME HEALTHCARE MANAGEMENT, INC. et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of San Bernardino County, Michael A. Sachs, Judge.  Affirmed.

Pedersen Law and Neil Pedersen, for Plaintiff and Appellant.

Littler Mendelson, B. Allison Borkenheim and Kara A. Cole, for Defendants and Respondents.

Corinna Sanchez filed her complaint to initiate this case in March 2021, but waited more than two years to serve the two primary entity defendants. On these defendants' motion, the trial court dismissed her case for the delay in service based on Code of Civil Procedure sections 583.410 and 583.420.[1] Sanchez sought unsuccessfully to set aside the dismissal under both the mandatory and discretionary relief provisions of section 473, subdivision (b).

Sanchez appeals, claiming her set-aside motion was erroneously denied. But the mandatory relief provision does not apply to a dismissal following a contested motion. And Sanchez failed to include in the appellate record the court's reasoning for denying discretionary relief, leaving us no choice but to presume this denial was appropriate. Accordingly, the judgment of dismissal must be affirmed.

**FACTUAL AND PROCEDURAL BACKGROUND**

In March 2021, Sanchez initiated this employment action by filing a complaint against Prime Healthcare Management, Inc., Prime Healthcare Services, Inc., Leslie Wolfswinkel, and Kristie Green (collectively, Prime).[2] Sanchez was represented by attorney John McCarty. In January 2022, she amended her complaint. Sanchez, however, had not yet served Prime.

One day after the amended complaint was filed, the trial court issued an order to show cause (OSC) why the case should not be dismissed for nonservice. Before the hearing, McCarty submitted a declaration describing

---

1    Subsequent undesignated statutory references are to the Code of Civil Procedure.

2    Sanchez named seven individuals as defendants. Five were later dismissed from the case based on Sanchez's representation that she did not plan to serve them.

his numerous personal medical issues and efforts to have another law firm take over his cases. During the hearing, he stated his plan to meet soon with the firm likely to take Sanchez's case.

The court took the OSC off calendar and scheduled a trial setting conference for July 2022. When no attorney appeared for Sanchez, the court dismissed the amended complaint without prejudice.

Six months later, Sanchez (still represented by McCarty) filed an unopposed motion to set aside the dismissal under subdivision (b) of section 473 based on her attorney's negligence or mistake. Sanchez contended that McCarty's health issues excused his failure to appear at the hearing and also explained the delay in serving Prime with the amended complaint. The court granted Sanchez's motion in February 2023, and she served Prime in May and June of that year.[3]

In September 2023, Prime moved to dismiss under sections 583.410 and 583.420, subdivision (a)(1), which together give a court discretion to dismiss a case for failure to serve the defendants within two years. For her part, Sanchez contended that the court set a June 30, 2023, deadline for service when it reinstated her case in February 2023. She also argued that McCarty's health issues and recent difficulties finding satisfactory substitute counsel excused the delay.

The court granted Prime's motion and dismissed Sanchez's amended complaint with prejudice in October 2023. Although the court credited McCarty's statements concerning his health issues, it also observed that

---

3     Shortly after it was served, Prime asked the court to reconsider its February order reinstating the case. The court declined the request, reasoning that Prime's proper recourse was a motion to dismiss under section 583.420, subdivision (a)(1).

arranging for service is not a burdensome task. Sanchez's contention that the court set a June 2023 deadline to complete service was summarily rejected. In the court's judgment, "[w]hile some evidence of some excusable delay was presented, it has not been shown that the excuses presented justify the absence of service for over two years especially since there is no indication [Prime] could not have been located or served with ease."

Two months later, Sanchez filed a motion to set aside this second dismissal, again relying on section 473, subdivision (b) and citing McCarty's health issues as an excuse for the delay. She supported her motion with a declaration from McCarty in which he again described in detail both his health issues and his difficulties in finding substitute counsel. He also took responsibility for the "mistake, surprise, inadvertence, neglect . . . which led to the dismissal." Prime opposed, arguing that the record established the failure to serve was a conscious decision by McCarty rather than the product of negligence or a mistake.

The court denied Sanchez's motion in March 2024. The only record of the court's ruling Sanchez has provided us with is the minute order stating that the judge denied her motion by adopting the rationale of a tentative ruling read aloud at the beginning of the hearing. Neither a written copy of the court's preliminary ruling nor a transcript of the hearing is in the appellate record.

In April 2024, Sanchez filed a notice of appeal in which she identified four challenged orders: (1) the October 2023 order granting Prime's motion to dismiss; (2) the December 2023 order dismissing the individual defendants who are not respondents in this appeal; (3) the trial court's December 2023 reissue of the October 2023 order granting Prime's motion to dismiss; and (4) the March 2024 order denying her second set-aside motion.

4

We determined the notice of appeal was timely only as to the latter order. Accordingly, the remainder of Sanchez's appeal was dismissed.

## DISCUSSION[4]

Subdivision (b) of section 473 provides a court with the authority to relieve a party from a dismissal entered because of her or her attorney's mistake, inadvertence, surprise, or excusable neglect. Sanchez contends the trial court failed to recognize that McCarty's affidavit describing his health issues and willingness to take the blame for failing to timely serve the amended complaint entitled her to this relief. Prime argues that an affirmance is required because mandatory relief was unavailable to Sanchez as a matter of law and the appellate record lacks the information we need to reject the presumption that the trial court appropriately denied her request for discretionary relief.

Sanchez focuses mainly on the mandatory provision of subdivision (b) of section 437. This portion of the statute provides that a "court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise,

_____

[4] An order denying a motion to vacate a dismissal is appealable under subdivision (a)(2) of section 904.1. (*Generale Bank Nederland v. Eyes of the Beholder, Ltd.* (1998) 61 Cal.App.4th 1384, 1394.) But separate and apart from this statutory authority, an order may not be appealable if the issues overlap with those that could have been raised in an appeal from the underlying judgment. (See *Ryan v. Rosenfeld* (2017) 3 Cal.5th 124, 127; *Litvinuk v. Litvinuk* (1945) 27 Cal.2d 38, 45.) The parties dispute whether these two cases bar Sanchez's appeal. We decline to reach this question because we may assume appealability and address the merits when appealability is unclear *and* a decision on the merits would result in an affirmance. (See, e.g., *Li v. Yan* (2016) 247 Cal.App.4th 56, 64, fn. 1.)

5

or neglect, vacate any . . . default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (*Ibid.*) If these prerequisites exist, "the court does not have discretion to refuse relief." (*Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 612.)

The scope of this provision is narrow. It is meant " 'to alleviate the hardship on parties who *lose their day in court* due solely to an inexcusable failure to act on the part of their attorneys.' " (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257.) To this end, the mandatory provision "applie[s] only to default judgments caused by attorney error" (*Jackson v. Kaiser Foundation Hospitals, Inc.* (2019) 32 Cal.App.5th 166, 174) and "dismissals which occur through failure to oppose a dismissal motion—the only dismissals which are procedurally equivalent to a default." (*Peltier v. McCloud River R.R. Co.* (1995) 34 Cal.App.4th 1809, 1817 (*Peltier*).)

Sanchez maintains that she did everything required for mandatory relief—her timely application was supported by McCarty's sworn statements taking responsibility for the failure to timely serve Prime that led to the dismissal. But the argument misses a key point. The dismissal resulted from a motion that Sanchez unsuccessfully opposed, a circumstance in which mandatory relief is not available. (*Peltier*, *supra*, 34 Cal.App.4th at p. 1817.)[5] That McCarty fell on his sword as to the delay of service is not relevant to

---

5 Despite the fact that respondents' brief cites *Peltier* and several other cases holding that the mandatory relief provisions of section 473 do not apply, Sanchez's appellate counsel did not file a reply brief to address the argument.

our analysis of the provision that authorizes mandatory relief only under limited (and here inapplicable) circumstances.[6]

Nor has Sanchez demonstrated error in the trial court's denial of discretionary relief. Section 473, subdivision (b)'s discretionary provision states that "the court may, upon any terms as may be just, relieve a party or his or her legal representative from a . . . dismissal . . . taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." This clause also covers excusable negligence by the party's attorney. (*Henderson v. Pacific Gas & Electric Co.* (2010) 187 Cal.App.4th 215, 229.) We review whether the trial court abused its discretion in denying relief under this provision. (*Id.* at p. 230.)

Quite simply, Sanchez has failed to meet her burden on appeal. An appellant must establish error because we presume a court's order is correct. (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 822.) This means Sanchez "had an affirmative obligation to provide an adequate record so that we [can] assess whether the court abused its discretion." (*Wagner v. Wagner* (2008) 162 Cal.App.4th 249, 259 [affirming denial of § 473 motion for discretionary relief due to inadequate appellate record].) The only evidence

---

6    In *Tustin Plaza Partnership v. Wehage* (1994) 27 Cal.App.4th 1557, 1566, the court explained: "[A] plaintiff, as in the present case, who has had a 'day in court' in a section 583.410 motion to dismiss is not allowed a second bite [by invoking the mandatory provision of section 473, subdivision (b)]. An appeal is the only avenue for review. Any other analysis would lead to an absurd result. A plaintiff who failed to convince the trial court that the prosecution of the case was diligent would have the case dismissed. That same plaintiff could then jump back into court on a section 473 motion, accompanied by an attorney's affidavit of negligence, and have the case reinstated based on the same facts offered, but discarded, in the hearing on the request to dismiss. The Legislature cannot have intended such an absurd result."

of the court's decision on Sanchez's set-aside motion is a minute order referring to a tentative ruling we do not have.[7]  Consequently, our hands are tied because "[t]he absence of a record concerning what actually occurred at the hearing precludes a determination that the court abused its discretion." (*Ibid.*)

## DISPOSITION

The judgment of dismissal is affirmed.  Respondents shall recover their costs on appeal.

DATO, Acting P. J.

WE CONCUR:

DO, J.

BUCHANAN, J.

---

[7]     Even Sanchez's opening brief can only offer speculation based on the lack of an adequate record.  After citing *Oliveros v. County of Los Angeles* (2004) 120 Cal.App.4th 1389 for the proposition that the impact of a continuance on the court's calendar should not be the decisive factor in ruling on a section 473 motion, she suggests that "it *appeared* the court was simply administering this case based on a similar reasoning, or based on his [*sic*] taking umbrage to an argument made by Mr. McCarty arguing the court had ruled erroneously in a prior hearing."  (Italics added.)